BANK OF EASTERN ARKANSAS *v.* BANK OF FORREST CITY.

Opinion delivered March 21, 1910.

1. COUNTY DEPOSITARY—SUFFICIENCY OF BID.—Under Acts 1909, p. 150, providing for a depositary of county funds, which directs that the county court shall advertise for sealed bids and shall select as depositary of the county funds the bidder offering the highest rate of interest on such funds, *held* that a bid whereby the bidder offered to pay a certain per cent. more on the funds than the highest and best bid that should be made by any other bidder should not be received. (Page 314.)

2. SAME—LOWEST BIDDER—RIGHT TO COMPLAIN.—The lowest bidder for the funds of a county, under Acts 1909, p. 150, is not entitled, by virtue merely of its being a bidder, to complain because the county court rejected its bid and accepted the proposal of another to become the depositary of the county's funds, when the county court reserved the right to reject all bids.   (Page 317.)

Appeal from St. Francis Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*S. H. Mann* and *Norton & Hughes,* for appellant.

The paper submitted by appellee makes no definite proposition, and could not alone be the basis of a contract.   The law contemplates definite bids, which, together with the acceptance will amount to a contract, without reference to any other bid or thing.   11 Ill. 254.

*James P. Clarke,* for appellee.

1. Appellant has proceeded upon the erroneous theory that because it was a bidder at the offering it was the party aggrieved, and, without having made application to be made a party and having such application granted, either directly or indirectly, that it therefore had the right of appeal.   52 Ark. 100; 77 Ark. 588.

2. Appellant is in no position to question the sufficiency of the bid.   Under section 3 of the act the county court was given power to reject any and all bids, at discretion, and this discretion will not be interfered with except for fraud.   8 Fed. Cas. 955-956; 35 Neb. 346; 24 Neb. 106.

3. An unsuccessful bidder, as such, has no such rights as entitle him to compel the award of the contract to him in opposition to the action of the official appointed by law to make the award.   26 L. R. A. 707; 24 Wis. 683; 27 N. Y. 378; 78 Fed. 31; 57 Ark. 322.

FRAUENTHAL, J.   This is an appeal from a judgment of the circuit court affirming an order of the county court of St. Francis County selecting the Bank of Forrest City as the depository of all the public funds of said county.   This order was made in pursuance of an act of the Legislature approved March 9, 1909, entitled "An act to provide a depository for the county funds of * * * St. Francis * * * counties" (Acts of 1909, p. 150).   By

said act it is provided that it shall be the duty of the county court of said county at a specified term, and at the same term every two years thereafter, to receive propositions from any bank, banker or trust company in said county desiring to be the depository of the public funds of the county, and that notice of the intention to receive such propositions or bids should be published in some newspaper. Any such institution desiring to become such depository was directed to file, on or before the first day of said term of court, a sealed bid stating the rate of interest which it offered to pay upon the public funds that might be deposited with it if such bid should be accepted; and, as an evidence of good faith, a certified check for $250 should accompany said bid. On the first day of said term of court it was provided that the bids should be publicly opened and entered of record, and that the court should select as the depository the bidder offering the highest rate of interest on the funds; and it was also provided that the court should have the right to reject any and all such bids. The act directed that in the event no bids should be offered, or should such bids be deemed too low or not for the whole amount of the county funds, the court should order said funds deposited with one or more banks in the county which it might select at a rate that might be agreed upon between the court and the banks.

In pursuance of the provisions of said act, the notice therein required that sealed bids would be received was given, and the notice also stated that the right was reserved to reject any and all such bids. Appellant, Bank of Eastern Arkansas, and the appellee, Bank of Forrest City, respectively, made sealed bids for said funds, and they were the only institutions making such bids. The appellant in its bid stated that it offered for said funds five and one-fourth per centum per annum, to be computed on daily balances. In its sealed proposal the appellee did not name any specific rate of interest, but stated that it agreed to pay five-sixteenths of one per cent. more on the funds than the highest and best bid that should be made by any other bidder. Thereupon the county court made the following order: "Whereupon the court, after due consideration, adjudged that the Bank of Forrest City is the highest and best bidder for the custody of said funds at and for the price of five and nine-sixteenths

per centum per annum, to be computed on daily balances, for a term of two years;" and said bank was thereby selected as said depository of said funds. The Bank of Eastern Arkansas then filed an affidavit for appeal from said order to the circuit court. Upon a hearing of said appeal, the circuit court entered a judgment affirming in all things the above order of the county court; and from this judgment the Bank of Eastern Arkansas prosecutes this appeal.

The appellant was a bidder to become the depository of the public funds of St. Francis County, and solely in the character of a bidder it appealed from the order of the county court selecting the appellee as such depository, and now prosecutes this appeal solely in the right of such bidder. It does not appear as a taxpayer of said county, nor does it present any interest in or right to prosecute an appeal from the order of the county court other than such as may arise by reason of its having been such a bidder.

Appellant contends that the proposal of the appellee, purporting to be a bid to become the depository of the funds of said county, was in fact not a bid at all because it named no specific rate of interest which it agreed to pay on the funds. The result of the contention made by appellant is that the proposition made by the appellant was the only legal bid made, and that therefore it should have been selected as the depository of said funds. The merits of this contention, and the rights of the appellant, must be determined by the provisions and purposes of the act.

One of the chief purposes of this act was to secure the highest rate of interest on the county funds from the institution becoming its depository. One of the methods by which it was expected to obtain the highest rate of interest was to advertise for and receive from competitors sealed propositions or bids stating the rate of interest offered by each bidder. This was but another mode of offering the depository to the highest bidder by auction. Fairness and justice demand that in both such cases, whether by sealed bids or upon auction, all bidders should be treated on equal terms. Public policy demands that anything that prevents competition on the one hand, or which gives to one party an undue advantage over another by any surreptitious

action, should be deemed tainted with fraud, and should thereby invalidate the bid.

It is the evident intent of this act that every bidder should make his bid without any knowledge of the bid made by any other institution. By section 7 of the act it is provided that it shall be a misdemeanor for the county judge, or the county clerk or his deputy, to disclose to any person prior to the time of opening the bids the amount or terms of any such bid. It thus appears that it was the clear purpose of this act to place all bidders upon exactly equal terms, so that no one of them could have any advantage over the others in making his proposition. If the proposals are made by sealed or secret bids, then no bidder should know, before making his bid, what any other bidder has offered. This is the plain object and purpose of making such sealed bids. It is to the advantage of the county, as well as right to the bidder, that this rule should be enforced. It is to the advantage of the county that a bidder should not know what bids he is contending against, because he may be anxious for the funds, and might bid a very much higher rate of interest if he was not advised of the highest rate that was offered by the others. If a bidder is permitted to make a proposal or offer of a certain amount higher than the highest rate offered by any other bidder, it in effect makes known to such bidder the offers that have been made by the others, and permits him thus to base his bid thereon. By this sharp practice he becomes the successful bidder, and possibly at a rate of interest lower than he otherwise would have offered. Good faith and fair dealing require that the bid obtaining such unfair advantage should not be received. *Webster* v. *French*, 11 Ill. 254.

But, because the proposal made by the appellee was not a valid bid for the reason that it did not name a specific rate of interest, this did not give to the appellant a right to have its bid accepted. The provisions of this act which seek to obtain by competitive bidding the highest rate of interest for the county funds are manifestly designed, not for the benefit of the bidder, but for the benefit of the people of the county; and there is no provision therein that gives to the highest bidder an absolute right to demand that he be selected as the depository. The competitive bidding by sealed proposals is only one mode pro-

vided by the act for securing the highest rate of interest on the funds. The act further provides that the county court shall have a right to reject any and all of the bids, and if the bids are deemed too low the court is empowered to order the funds deposited with other banks at a rate of interest to be agreed upon by said court and such banks. Thus it will be seen that a measure of discretion is lodged with the county court in accepting the bids and in selecting the depository. In the absence of fraud or of arbitrary or improvident action on the part of the county court which would work an injury to the public, no one has a right to complain of the court's action in making such selection of the depository. A taxpayer or property owner would have such an interest so as to have a right to correct such action by proper procedure; but a bidder has no such right or interest by which he can be aggrieved by such action of the county court. The rules that are applicable to the letting of the right to become the depository of the county funds under this act are the same as those that apply to the letting of contracts for public works. The lowest bidder for a contract for public works has no vested or absolute right to demand a compliance with the provisions of the statute relative thereto.

Mr. High in his work on Extraordinary Legal Remedies, § 48, says: "The better doctrine, however, as to all cases of this nature, and one which has the support of an almost uniform current of authority, is that the duty of the officers entrusted with the letting of contracts for works of public improvements to the lowest bidder are not duties of a strictly ministerial nature. * * * And the true theory of all statutes requiring the letting of such contracts to the lowest bidder is that they are designed for the benefit and protection of the public, rather than for that of the bidders, and that they confer no absolute right upon a bidder to enforce the letting of the contract. * * * Nor does the mere issuing of proposals by officers entrusted with letting contracts, inviting bids for the performance of the work, without binding themselves to award the contract to the lowest bidder, create such an obligation on the part of the officers as to entitle the bidder to a mandamus to obtain the contract."

The advertisement required to be made under the act for

the bids is but an invitation to persons to make offers to the proposer, which the proposer has a right to accept or reject. And more especially is this true in this case, where the statute, and the advertisement itself, under which the bids were made, state that the proposer reserves the right to reject any and all bids. In the case of *People* v. *Board of Supervisors of Kings County,* 42 Hun 456, it is said that, the bidder having made his bid under an advertisement which stated that the right to reject any and all bids was reserved, he cannot complain that the board exercised the right he so conceded to them. It was a plain condition of his bid that the board might reject it, and, having given his assent to such right, he cannot challenge the power to exercise that right. To the same effect, see 2 Page on Contracts, § 1049; *Anderson* v. *Public Schools,* 122 Mo. 61; *Colorado Pav. Co.* v. *Murphy,* 49 U. S. App. 17, 37 L. R. A. 630; *State* v. *Board of Education,* 24 Wis. 683; *People* v. *Contracting Board,* 27 N. Y. 378; *State* v. *Rickards,* 28 L. R. A. 298.

Under the provisions of this act appellant had no right to demand that its bid be accepted, even if there had been no other bid made. The county court had the right to reject its bid; and when the court failed or refused to accept it, in effect the court rejected its bid. The appellant was then not in privity of relation with the court, either by contract or otherwise, so that it could be said to have had any right or interest that was affected by the order of the court selecting another as depository of the county funds. It acquired no right, by reason of its being a bidder, to challenge the legality of the order of the county court of St. Francis County in selecting appellee as the depository of said funds.

In the case of *Arkansas Democrat Co.* v. *Press Printing Co.,* 57 Ark. 322, a similar question was involved. A statute of the State required a certain contract for the printing of public documents to be let to the lowest bidder. Invitations for bids were made by the board in advertisements, and the appellant and appellee in that case were bidders. The contract was awarded to the appellant, and the appellee, claiming to have been the lowest bidder, sought to restrain the execution of the contract between the board and appellant. In that case

this court said: "The abstract and brief for the appellee does not state or intimate that it is a taxpayer even, and shows no injury to itself. These contracts, and the provisions of the law prescribing how they shall be let, are for the protection of the public interests, and not the interests of individuals as such. The State might complain if its own interest had suffered, but the State is not complaining here. The appellee makes no claim, and shows no right, to represent the State or the public The contract was not awarded to it, and it has no rights under the contract."

In the case at bar, the appellant in the character of a bidder only had no vested or absolute right in the matter of the letting or awarding the depository of the public funds of St. Francis County; it had no such right that it could be aggrieved by the order of the county court selecting appellee as such depository. The plain purpose of the act was to obtain for the public the highest rate of interest on the county funds. When the county court learned that it could obtain a rate of interest higher than that offered by appellant, it was justified in not accepting the appellant's bid; and, until its bid was accepted, appellant had no interest in the matter by which in law it could be injuriously affected by any action taken by the court.

It therefore follows that the appellant has no right to complain of the order of the county court herein, either because its bid was not accepted or because the court selected as the depository of the funds one who did not make a bid in full compliance with the provisions of the statute. The judgment is therefore affirmed.