CASEY *v.* INDEPENDENCE COUNTY.

Opinion delivered July 7, 1913.

1. COUNTY DEPOSITARY—LEGALITY OF "BID."—Under the act of 1907, p. 485, as amended by the act of May 4, 1911, p. 252; where a county court received bids from certain banks desiring to become the county depositary, *held*, that an offer from a bank whereby it agreed to pay a certain per cent. more on the funds than any other bid received, was not a bid.   (Page 15.)

2. COUNTY DEPOSITARIES—APPOINTMENT.—Under the act of May 4, 1911, p. 252, amending the act of 1907, p. 485, no discretion is given the county court in the matter of soliciting a depositary for county funds, but the selection must be made by advertisement, and awarded to the highest responsible bidder, who shall comply with the terms of the act.   (Page 15.)

3. APPEAL AND ERROR—PARTIES—PARTY AGGRIEVED.—In a proceeding under Acts of 1907, p. 485, as amended by act, 1911, p. 252, to select a county depositary, when a citizen and taxpayer has been permitted to intervene before the depositary was designated, he is entitled to appeal under section 1487 of Kirby's Digest, permitting an appeal to the circuit court from a final order of the county court, upon the filing of an affidavit by the aggrieved party.   (Page 16.)

Appeal from Independence Circuit Court;   *R. E. Jeffery,* Judge; reversed.

STATEMENT BY THE COURT.

In pursuance of an act of the Legislature, approved April 22, 1907, as amended by an act approved May 4, 1911, the county court of Independence County, at its January term, 1913, received bids from such banks as might desire to become the county depositary.   Three banking companies filed sealed written proposals.   The First National Bank made a bid of 2½ per cent, and the Union Bank & Trust Company made a bid of 4½ per cent

per annum for the funds of the county. The Citizens Bank & Trust Company stated in its written proposal that it proposed to pay one-quarter of one per cent per annum higher than any other bid, provided that its bid should not exceed 4½ per cent per annum.

The bids were opened by the county court at noon on the 6th day of January, 1913, that being the first day of the term. On the 13th day of January, 1913, a subsequent day of the term, Samuel M. Casey, by leave of the court, filed his intervention, in which he stated that he was a citizen and taxpayer of Independence County, and objected to the receiving or acceptance by the county court of the proposed bid of the Citizens Bank & Trust Company on the ground that it was not a legal bid. On the said 13th day of January, 1913, the court made an order, accepting the bid of the Citizens Bank & Trust Company, and designating it as the depositary of the funds of said county and adjudged that it pay interest on same at the rate of 4½ per cent per annum upon the daily balances for a period of two years from date. On the same day the intervention of the said Samuel M. Casey was overruled and dismissed. Thereupon, Casey filed his affidavit and bond for an appeal from the judgment of the county court designating the Citizens Bank & Trust Company as the county depositary. The Union Bank & Trust Company also filed its affidavit for an appeal to the circuit court, in which it stated it was a taxpayer of Independence County, and took its appeal as such, as well as being a bidder.

In the circuit court a motion was made to dismiss the appeal on the ground that neither Casey nor the Union Bank & Trust Company was the party aggrieved, and, therefore, entitled to appeal under section 1487, Kirby's Digest. The circuit court overruled the motion to dismiss the appeal, but affirmed the judgment of the county court designating the Citizens Bank & Trust Company as depositary for Independence County. Casey and the Union Bank & Trust Company have appealed to this court.

*Samuel M. Casey* and *Samuel Frauenthal,* for appellant.

A citizen and taxpayer may appeal from the finding of the court in this action. 66 Ark. 82; 73 Ark. 523; 101 Ark. 246; 51 Ark. 159; 43 Ark. 42; 54 Ark. 409; 73 Ark. 67; 144 S. W. (Ark.) 214; ·79 Ark. 236; 149 S. W. (Ark.) 511.

2. On appeal, the case was before the circuit court for trial *de novo,* and the circuit court was under the duty to try the case upon its merits under the law, without regard to what was done by the county court. 33 Ark. 508; 34 Ark. 240; 79 Ark. 504; 63 Ark. 145.

3. There is in substance no difference in the offer submitted by the Bank of Forrest City, 91 Ark. 211, and that of the Citizens Bank & Trust Company in this case. The proviso in the offer of the latter company "that it will make our bid not to exceed 4½ per cent," does not make it any more a competitive bid than the former, but in reality makes it more unfair, because it was a limitation upon its offer. It was, in fact, no bid at all, but a species of sharp practice which should have received condemnation instead of acceptance. 91 Ark. 311.

4. Under the terms of the amendatory act of 1911, it was the duty of the county court to readvertise for bids. Acts 1907, p. 490; Acts 1911, p. 253. From the passage of this amendment, the county court no longer had authority to make a private agreement with any bank to become the depositary for the county at an agreed rate of interest. The latest act covers the whole subject-matter of letting the depositary, and will take precedence over the former. 41 Ark. 149; 100 Ark. 504; 1 Lewis & Sutherland, Stat. Con., § 247.

*McCaleb & Reeder,* for appellee.

1. The appeal should have been dismissed. 149 S. W. 511; 77 Ark. 586, and cases cited.

The affidavit for appeal was insufficient in failing to allege that appellant believed himself to be aggrieved. Kirby's Dig., § 1487; 18 Ark. 209; 99 Ark. 56, 59, and cases cited.

2. The order of the county court, in designating the Citizens Bank & Trust Company as depositary was proper. Act No. 208, Acts 1907. Section 8 of this act was not affected by the amendatory act of 1911 (Act No. 258), and was left in full force. Lewis & Sutherland, Stat. Con., § 267; 125 S. W. 1140; 152 S. W. 43; 94 Ark. 311, 314, 315, 316.

3. The bid of the Citizens Bank & Trust Company was competitive.

HART, J., (after stating the facts). The judgment is sought to be upheld on the authority of the *Bank of Eastern Arkansas* v. *The Bank of Forrest City;* 94 Ark. 311, and *Regan* v. *Iron County Court, et al.,* 125 S. W. (Mo.) 1140, but we do not think the principle announced in either of these cases sustain the position taken by the county court. In the case of the *Bank of Eastern Arkansas* v. *The Bank of Forrest City, supra,* appellee, in its proposal, did not name any specified rate of interest, but stated that it agreed to pay five-sixteenths of one per cent more on the funds than the highest and best bid that should be made by any other bidder.

The county court adjudged it to be the best bidder, and made an order designating it as the county depositary. This court held that it was not the best bidder, because it did not name a distinct and certain sum, but upheld the judgment on the ground that the act of 1909, under which the case arose, provided that the court should have a right to reject any and all bids, and that in event the bids offered should be deemed too low, the court might order the funds deposited with one or more banks in the county which it might select, at a rate of interest that might be agreed upon between the court and the banks. So, too, in the Missouri case just cited, the county court was given the power to reject any and all bids, and the court held that, when the whole act was construed together, the county court was given a discretion in selecting a county depositary, and that this discretion should not be controlled on appeal in the absence of a showing of abuse.

In the instant case, the Citizens Bank & Trust Company proposed "to pay to said county of Independence the rate of one-quarter of one per cent per annum higher than any other bid, *provided, however,* that it will make our bid not to exceed 4½ per cent upon the county funds of said county."

It will be noted that this proposal does not name a certain and specified rate of interest. In the case of *Webster et al.* v. *French et al.,* 11 Ill. 254, which was cited in the case of the *Bank of Eastern Arkansas* v. *The Bank of Forrest City, supra,* it was held in effect that a proposal to be recognized as a bid must contain a distinct proposition which can be acted upon taken alone and without reference to anything out of itself. The court, in discussing a proposal similar to the one under consideration, said that, if this form of bidding is allowed, one man, by offering a nominal sum above all others, might appropriate to his own advantage the judgment of others who might have gone to great trouble and expense to form a correct opinion, when the intention was to give each bidder the benefit only of his own judgment. The court further said that the effect of it would be to drive away all prudent and reasonable men, and to destroy all fair competition in the bidding. In the application of this principle to the present case, we hold that the offer of the Citizens Bank & Trust Company was no bid at all. As we have already seen, the act of the Legislature providing for a depositary of county funds was passed April 22, 1907. See Acts of 1907, 485. The act was amended May 4, 1911. Acts of 1911, 252.

The act, as amended, provides in effect that if from any cause, no selection of a depositary shall be made at the time fixed by the terms of the act, that the same may be selected at any subsequent term of the court or adjourned day of it, but the act further provides that upon failure to select a depositary, it shall be the duty of the county judge to again advertise for bids pursuant to the terms of the act. Thus, it will be seen that no discretion is given to the county court in the matter of selecting a

depositary; but the selection must be made as provided by the terms of the act, and this requires the selection to be made by public advertisement to the highest responsible bidder who shall comply with the terms of the act.

It is next contended that the appeal should have been dismissed by the circuit court because the parties appealing did not have the right to appeal from the order. In the first place, the record shows that Casey was allowed to intervene and thus become a party to the proceedings. The record shows that the order designating the Citizens Bank & Trust Company as depositary was made on the 13th day of January, 1913. It also shows that the intervention of Casey, as a citizen and taxpayer, was filed on that day, and on the back of it appears the following endorsement: "Examined and not granted, January 13, 1913." (Signed) "J. W. Scott, Judge."

The order dismissing the intervention of Casey was not entered of record until January 14, 1913, and is as follows:

"On the 13th day of January, 1913, came Sam M. Casey, a taxpayer and citizen of Independence County, and files his intervention in the matter of designating a depositary for Independence County, Arkansas, and objecting to the court awarding and designating the Citizens Bank & Trust Company as the depositary for Independence County under the bid as submitted by it on the 6th day of January, 1913, a former day of this term of court, in which bid the said Citizens Bank & Trust Company offered and bid for said funds one-fourth of one per cent higher than any other bid, provided the same should not exceed 4½ per cent; and the court thereupon overruled and dismissed the said objection and remonstrance of the said Sam M. Casey, and thereupon designated the Citizens Bank & Trust Company as such depositary for Independence County under its said bid as aforesaid, and to this ruling and judgment, and order of the court the said Sam M. Casey duly excepted and objected, and thereupon he filed his affidavit and bond for an appeal from said judgment and order of the county

court designating the Citizens Bank & Trust Company as such depositary, to the circuit court, and said appeal is by the court granted.''

The case came up for trial *de novo* in the circuit court, and the circuit court was warranted in holding that Casey was allowed to become a party to the proceedings before the order designating the Citizens Bank & Trust Company as county depositary was made, and he was therefore entitled to an appeal as the party aggrieved within the meaning of section 1487, Kirby's Digest. Moreover, in the case of *Lee County* v. *Robertson,* 66 Ark. 82, the court held:

''Where a citizen and taxpayer of a county appeared in the levying court, and asked to be made party to an order misappropriating county funds, and made objections thereto, and was treated as an adverse party in that court, though not formally made a party, he will be entitled to appeal to the circuit court from the order making such appropriation.''

The designation of the bank as county depositary was an order affecting the revenues of the county, and each taxpayer was interested in such order. The order was illegal and was tantamount to an allowance and enforcement of an illegal exaction against every taxpayer of the county. Therefore, under the ruling of *Lee County* v. *Robertson, supra,* Casey was entitled to appeal.

It follows that the judgment will be reversed and the cause remanded for further proceedings according to law.