GRANT COUNTY BANK v. MCCLELLAN.

Opinion delivered April 20, 1914.

1. COMPETITIVE BIDS—EQUALITY.—There is no real competition among bidders, unless all are required to bid upon the same basis, and no proposition can be construed to be a bid unless it is complete in itself. (Page 552.)

2. COUNTY DEPOSITARY—COMPETITIVE BIDS.—Where a bank seeking to become the depository of county funds, proposed to pay "one-fourth of one per cent per annum more than any other bid" offered, held, the proposition did not constitute a bid, as it could not be acted upon alone without reference to anything outside itself. (Page 553.)

3. COUNTY DEPOSITARY—SELECTION OF.—Special Act 326, Acts 1911, providing for the appointment of a county depositary for Grant County, provides that such depositary shall be selected only after competitive bidding. (Page 553.)

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

The Grant County Bank and the Citizens Bank, both located in Grant County, sought to be designated as the depositary of the public funds of that county, and each filed a proposition in writing with the clerk of the county court of that county. The action was taken in response to an advertisement published by the county judge, inviting bids for the use of the public funds of that county, under the authority of Special Act No. 326 of the Acts of 1911. The bid of the Grant County Bank was an offer

to pay 4¼ per cent on daily balances, while the Citizens Bank proposed to pay "one-fourth of one per cent per annum more than any other bid" offered. When said bids were opened, the Grant County Bank objected to the bid of the Citizens Bank being considered, but the county court construed the bid of the last named bank to be an offer of 4.5 per cent, which construction was then and there ratified by the cashier of that bank, but the court continued the hearing until the following Saturday, at which time all interested parties were notified to appear and show cause why the Citizens Bank should not be selected as the depositary. On this adjourned day the Grant County Bank amended its bid by offering to pay 4.51 per cent on the daily balances. The court held that the amended bid of the Grant County Bank could not be considered, because it was not made on the day required by law, and entered an order declaring the Citizens Bank to be the depositary for all the funds of that county for the ensuing two years, and ordered the Grant County Bank, the then depositary, to pay over all public funds to the Citizens Bank. One P. T. Lewis, the cashier of the Grant County Bank, as a citizen and taxpayer of that county, made himself a party to the proceedings and prayed an appeal to the circuit court, and the Grant County Bank also prayed an appeal, as an unsuccessful bidder.

Upon the trial in the circuit court numerous declarations of law were asked, reflecting the views of the respective litigants, and the court entered a judgment reciting the declarations of law made, as follows:

"*First.* That a proposition from any bank, trust company, or other financial institution, that may desire to be the depositary of the public funds of this Grant County, must file its bid in due form, which bid must contain a distinct proposition, which can be acted upon, taken alone and without reference to anything outside itself.

"*Second.* That the bid filed by the Citizens Bank was not in proper form, because said bid did not contain

a distinct proposition that could be taken and acted upon alone, without reference outside itself, and was therefore under the law no bid at all.

"*Third.* That the county judge was not authorized to accept said bid of the Citizens Bank and declare said bank the depositary of the funds of Grant County, because the bid for said funds filed by said bank was irregular, indefinite and uncertain.

"*Fourth.* That the bid filed by the Grant County Bank for 4.25 per cent on daily balance was a distinct proposition, which could have been acted upon taken alone and without reference to anything outside of itself.

"*Fifth.* That the county judge, under section 3 of the act at page 931, has the power to reject any and all bids."

The court found that the action of the county court in designating the Citizens Bank as the county depositary was unauthorized, and that the action of the county court in accepting the bid of the Citizens Bank operated as a rejection of the bid made by the Grant County Bank; and therefore the county has no depositary. The order awarding the funds to the Citizens Bank was declared void, and the clerk of the county court was ordered to proceed to readvertise for bids for said funds. All parties have appealed to this court.

*W. D. Brouse,* for appellants.

*D. D. Glover,* for appellee.

SMITH, J., (after stating the facts). The findings of the court below are set out in full, because they express fully the views of the majority of the court.

There can be and is no real competition unless all bidders are required to bid upon the same basis, and no proposition can be construed to be a bid unless it is complete in itself as declared by the court. *Bank of Eastern Ark.* v. *Bank of Forrest City,* 94 Ark. 311; *Casey* v. *Independence County,* 109 Ark. 11, 159 S. W. 24.

Appellee says, however, that the special act applicable only to Grant County gives the judge of that county

a discretion not given to county judges by the general law, and that under this special act the county judge is not required to award the contract to the highest bidder. Section 3 of this special act reads as follows:

"At 1 o'clock P. M., of the said first day of the county court as aforesaid, the court shall publicly open each and every bid so received and shall cause each to be entered of record, and shall elect from among said bids one to be the depositary of the public funds of said county; provided, the county court shall have the power to reject any and all of said bids; and, provided further, that no bid shall be received for less than three and one-half (3½%) per centum per annum, computed by the daily balances of cash on hand, belonging to the county, and if no bid shall be received from any of the aforesaid firms residing or doing business in the county, the county court shall have power and is hereby authorized to loan banks, bankers or trust companies, who reside in other counties in this State, the funds of the county, not exceeding seventy-five per centum (75%) of said funds at any one time, for not less than three and a half per centum (3½%) interest, on the same terms and conditions as to banks, bankers and trust companies who may reside or are doing business in said county."

This act does provide that the county court "shall select from among said bids one to be the depositary of the public funds of said county," and the direction is not expressly given to select the highest bidder. But while that direction is not expressly given it is necessarily implied. The whole theory and purpose of such legislation is to secure the highest returns for the use of the public funds. And such is the purpose of this special act. It provides what shall be done by the *successful* bidder to make its bid effective. A study of the act leaves no doubt that the legislative will was that there should be competition, and not favoritism. Indeed, the county court awarded the contract to the Citizens Bank, not in the exercise of any discretion, but upon the theory that its bid was the highest.

Under this special act the county court is authorized to let no contract for the deposit of the public funds, except by bids received in response to the advertisement inviting bids. The court might in a single advertisement invite bids, both from the banks and trust companies located in that county, and also from "loan banks, bankers or trust companies, who reside in other counties in this State;" and if no bid was received from any local bank which complied with the law, the court could then contract with some institution located outside of that county. But the Citizens Bank made no bid, and it had not qualified itself to be contracted with, and the order designating it as the county depositary was void.

The judgment of the court below will be affirmed and the clerk of the county court will proceed at once, if he has not already done so, to again advertise for bids.