## HOLLIDAY v. HIGBEE.

### No. 3750.

United States Court of Appeals Tenth Circuit.

Jan. 27, 1949.

Merle M. Marshall, of Alamosa, Colo., for appellant.

Harold S. Harrison, Atty., Dept. of Justice, of Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Max M. Bulkeley, U. S. Atty., of Wray, Colo., and Roger P. Marquis, Atty., Dept. of Justice, of Washington, D. C., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action by the appellant, Harold Charles Holliday, against appellee, Floyd F. Higbee, State Director of the Farmers' Home Administration, for a decree vacating and setting aside a sale by the United States of a twenty-six and a fraction acre tract of land herein referred to as the twenty-six acre tract, and for a decree requiring acceptance of the bid appellant made at the sale, and for a decree compelling a conveyance of the property to him. The appeal is from the judgment of the court dismissing the complaint and the cause of action. The facts are not in dispute and the sole question is one of law.

It is somewhat difficult to get a correct picture of the factual situation from appellant's complaint. He alleged that on December 8, 1944, he filed a petition in bankruptcy under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, to which petition was attached Schedule B-1, being a statement of all real estate of the debtor. Described in this schedule as apparently belonging to him was the South one-half of the Southwest Quarter of Section 35, Township 37, Range 8 East New Mexico Principal Meridian, and also the twenty-six acre tract in question which appears to be contiguous to the eighty acre tract. Although not specifically so stated in the complaint, the title to both of these tracts was in the United States. It seems that the eighty acre tract had been sold to appellant

on contract and that he was renting the twenty-six acre tract under an oral lease, the exact nature of which is not made clear. The complaint alleged that having failed to obtain a composition of his debts, he was subsequently adjudged a bankrupt pursuant to subsection S, and was continued in the possession of his property, including the two above described pieces of real estate, for a period of three years. Many allegations are set out concerning these bankruptcy proceedings which are not material to the issues before us.

The complaint alleged that in the bankruptcy proceeding, appellant retained the eighty acre tract by paying the appraised value thereof and received a quitclaim deed thereto from the Government. Concerning the twenty-six acre tract in question here, it was alleged that he was in possession thereof under an oral agreement with the Farm Security Administration and the Farmers' Home Administration and Floyd F. Higbee, the defendant, State Director of said agencies, and that in conference with various officials, including the defendant, said defendant was advised that plaintiff wished to purchase the twenty-six acre tract and pay the sum that might be bid by any other legitimate purchaser, plus $10, and that as a result of said conferences, he was advised that said parcel of land could be disposed of under the act and procedure dealing with surplus property so that he could make his bids thereon. The complaint set out as an exhibit the advertisement for bids by the State Director of the Farmers' Home Administration under which this tract was sold. Among other provisions in the advertisement, is the following: "The Government reserves the right to accept or reject any or all bids."

The complaint alleged that the plaintiff made three written bids but that he relied for recovery on bid Number two;[1] that al-

[1] Bid Number two is as follows:
"Amount of Deposit $261.90
          Date December 22, 1947.
"In response to and subject to the terms of your Invitation for Bids, the undersigned bidder offers to purchase from the United States of America, herein referred to as the Government, the property described on Exhibit A, attached, as indicated thereon, for the

sum of the amount of any other bid received or submitted, plus an increase thereon of Ten ($10.00) Dollars, based on the payment plan indicated below and with full knowledge of and subject to the reservations and title, exceptions, if any, set out in said Exhibit and in accordance with all conditions enumerated on the reverse side of this Form, provided that this proposal is accepted

**318**

though plaintiff's bid was the highest bid received it was rejected, his deposit was returned and the property was sold to a lower bidder.

The trial court did not set out the grounds upon which it entered its judgment. Appellee urges in support of the judgment that (a) the jurisdictional facts necessary to support jurisdiction under 28 U.S.C.A. § 41 (1) [now § 1331 et seq.] under which the action is brought are not shown in the complaint; (b) that both the United States and its grantee in the deed sought to be set aside are indispensable parties; and (c) that the complaint in any event did not. sufficiently allege a claim for relief. We think these grounds are all well taken, but in the interest of brevity and because such will make a final disposition of the case, in any event, we rest our decision on the last ground.

Appellant must concede that the. Government was the owner of this tract and that the title thereto was in the Government. He sought the opportunity to purchase this tract at a sale at which competitive sealed bids were to be received. He alleged in his complaint that he advised the defendant, Director, and other Government agents that he desired to bid and intended to bid the maximum of the highest bid plus $10. He alleged that he was advised by such agents that the said parcel of land could be disposed of under the act and procedure dealing with surplus property so that he could make his bids thereon.

As pointed out, pursuant to the published invitation for sealed bids, he submitted Bid Number two set out in footnote one, on which he predicated his cause of action. This bid was not a direct bid in any specified amount. Merely bidding $10 more than

any other bid is not a bona fide valid bid.[2] It was not a fair bid and the Government was not required to give it consideration, especially under a bidding invitation in which the right was reserved to accept or reject any or all bids.[3]

The Government was under no legal duty to accept appellant's bid. It follows that his complaint failed to state a cause of action and the judgment of the trial court is, therefore, affirmed.

by the Government within forty-five (45) days after the date of opening of Bids, specified in the Invitation, and the successful bidder is notified in writing thereof.

"Each Bidder will sign only one of the Following Plans:

"Payment Plan 'A'; Cash Payment in, Full upon receipt of a quitclaim deed. (10% deposit required with bid.)
 "Harold Charles Holliday
  "(Bidder).

"Witnesses:
"Merle M. Marshall."

[2] Bank of Eastern Arkansas v. Bank of Forrest City, 94 Ark. 311, 126 S.W. 837; Casey v. Independence County, 109 Ark. 11, 159 S.W. 24, Ann.Cas.1915C 1008, 1009; Grant County Bank v. McClellan, 112 Ark. 550, 166 S.W. 550.

[3] Bromley v. McHugh, 122 Wash. 361, 210 P. 809; 17 C.J.S., Contracts, § 48, p. 390; Williston on Contracts, Sec. 31; Erie Coal & Coke Co. v. United States, 266 U.S. 518, 45 S.Ct. 181, 69 L.Ed. 417; cf. O'Dowd v. Waters, 130 S.C. 232, 125 S.E. 644.