**Fred C. TRUMP, Plaintiff,**

v.

**Norman P. MASON, Acting Commissioner of the Federal Housing Administration, Defendant.**

**Civ. A. No. 4147.**

United States District Court
District of Columbia.

Jan. 30, 1961.

James P. McGranery and Thomas S. Gray, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Washington, D. C., Edward P. Troxell, Arlington, Va., John F. Doyle and Harold D. Rhynedance, Jr., Asst. U. S. Attys., Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This matter came before the Court on a "Petition for preliminary and permanent injunction and for specific performance" filed by plaintiff on December 22, 1960, whereby plaintiff seeks an injunction against the Commissioner of Federal Housing Administration prohibiting the conveyance of certain property, and plaintiff asks that defendant be ordered to perform specifically under the terms of an invitation to bid and to convey and deliver said property to plaintiff.

The motion for a temporary restraining order was denied on December 23, 1960, and thereafter, on December 30, 1960, the United States Attorney filed an answer on behalf of defendant, and also filed "Motion for judgment on the pleadings or, in the alternative, for summary judgment." Plaintiff did not file opposition to defendant's motion prior to hearing, but on January 5, 1961, in open court, counsel for plaintiff agreed to waive filing of opposition, and the hearing was held on the petition for injunction and the motion of defendant, and

the matter was taken under advisement. Plaintiff subsequently filed a motion for summary judgment, which was argued on January 16, 1961, and submitted.

The uncontroverted facts are as follows:

(1) Defendant, the Acting Federal Housing Commissioner, as owner of a leasehold estate in an apartment housing property in Philadelphia, Pennsylvania, issued publicly an invitation for competitive sealed bids for the purchase of the property; the bidding instructions stated a minimum price, maximum mortgage, and required deposit, as well as other information concerning the sale, and also stated that the Federal Housing Administration reserved the right to reject any bid and to waive informality in any bid. Detailed instructions were obtainable from the Administration office and contained a contract of sale to be executed by the bidder, which was to constitute the offer.

(2) Bids were opened on December 14, 1960, at which time five bids were received, including the bid of plaintiff, which read: "$2,101,001.00, or $20,000 more than the purchase price offered by any other bidder, whichever amount is the lesser". Said bid was rejected on the ground that it did no constitute a "firm offer", and a bid for $1,836,000 was accepted.

(3) Plaintiff-petitioner is well known to the defendant as he has previously purchased large properties from defendant, and is a large holder of properties on which defendant holds insured mortgages. There is no question as to his financial responsibility or reputation as an apartment house operator.

Counsel for plaintiff ably argued plaintiff's position: (1) that his offer to purchase was a firm bid within the meaning of that phrase and as contemplated by the invitation to bid in that the amount of his bid was ascertainable and was definite, that it was computable on its face without any ambiguity, and could not be misunderstood, and that the alternative provision was provided for

in the invitation to bid; and (2) that plaintiff is experienced and financially able and competent to purchase and operate the type of property.

Defendant argues that plaintiff, an unsuccessful bidder, has no standing to seek the equitable relief prayed for; that if plaintiff should suffer any monetary damages by reason of the sale and transfer of the property, he has an adequate remedy at law; that the defendant did not act arbitrarily or capriciously in rejecting plaintiff's bid but acted in good faith, and that the plaintiff, therefore, would not be entitled to any relief.

The Court is of the opinion that to accept a bid such as plaintiff's "would destroy the integrity of the bidding system by establishing a precedent which would invite a repetition of this type of bidding in the future so as to completely defeat the sealed bid procedure" (as argued by defendant). Holliday v. Higbee, 10 Cir., 1949, 172 F.2d 316.

■ Also, it is the Court's opinion that the defendant is not under a legal duty to accept the plaintiff's bid. The invitation for bids here is merely an invitation looking to offers and does not itself constitute an offer, and it does not require the Federal Housing Administration, upon the extension of such an invitation, to accept the highest bid submitted. Williston on Contracts (3rd Ed.) Section 31. See also the provision in the invitation to bid reserving the right to "reject any and all bids".

■ There is no indication on the facts as they exist in this case that there was any arbitrariness or capriciousness in the action of the defendant in refusing to accept the plaintiff's bid as responsive to the invitation. The plaintiff's bid not being firm or one which could "independently" (and by "independently" the Court means one not subject to or reliant on the bids of others) guarantee, within its four corners, a sum-certain offer which could be accepted and so ripen into a contract, the defendant acted within the bounds of his sound discretion

in refusing to accept the bid as responsive to the invitation to bid.

The Court, finding that there is no genuine issue of material fact in this case, grants the defendant's motion for summary judgment and denies his motion for judgment on the pleadings. Accordingly, the plaintiff's motion for summary judgment is denied.

Counsel for defendant is directed to submit findings of fact and conclusions of law and an appropriate order reflecting the Court's opinion.