CYR, Circuit Judge.
 

 An involuntary chapter 7 petition was filed against Mark Bell Furniture Warehouse, Inc. (“Debtor”) in 1988. The property of the chapter 7 estate included a prepetition cause of action against D.M. Reid Associates (“Reid”). Mark Bell (“Bell”), Debtor’s president and sole shareholder, urged the chapter 7 trustee to litigate the claim against Reid. When the trustee failed to pursue the claim, Bell offered to purchase the cause of action from the estate for $250. The notice of the proposed private sale to Bell invited upset bids in excess of $500, subject to the condition that qualifying bidders would be asked to submit competing sealed bids at auction. Reid submitted an upset bid in the amount of $501.
 

 At the auction sale conducted before the bankruptcy court on March 9, 1992, Bell submitted a sealed bid for $1000 and Reid bid “$1000 plus the amount of [Bell’s bid].” Although both the trustee and the bankruptcy judge voiced concerns as to the propriety of Reid’s “relative” bid, neither Bell nor Debtor’s counsel objected. The trustee accepted Reid’s $2000 bid. Debtor did not seek to stay the sale. Three days later, Reid tendered $2000 to the trustee, and the trustee delivered a bill of sale.
 

 Debtor appealed to the district court, contending that Reid’s relative bid should be declared void and that the trustee should be directed to accept Bell’s lower bid. The district court dismissed the appeal as moot, based on Debtor’s failure to obtain a stay of the sale pending appeal.
 
 [1]
 

 Absent a stay pending appeal, Bankruptcy Code § 363(m) precludes appellate relief invalidating a sale to a “good faith” purchaser.
 
 See In re Onouli-Kona Land Co.,
 
 846 F.2d 1170, 1171-72 (9th Cir.1988). On the theory that “[t]he finality and reliability of judicial sales enhance the value of assets sold in bankruptcy,”
 
 In re Tri-Cran, Inc.,
 
 98 B.R. 609, 617 (Bankr.D.Mass.1989), section 363(m) ensures protection of a successful bidder’s “good faith” reliance on a consummated sale.
 
 See In re Sax,
 
 796 F.2d 994, 998 (7th Cir.1986);
 
 International Union v. Morse Tool, Inc.,
 
 85 B.R. 666, 667 (D.Mass.1988). A “good faith” purchaser is one who buys property in good faith and for value, without knowledge of adverse claims.
 
 In re Tri-Cran,
 
 98 B.R. at 615-19 (citing
 
 Greylock Glen Corp. v. Community Sav. Bank,
 
 656 F.2d 1, 4 (1st Cir.1981)). “Good faith” is a mixed question of law and fact.
 
 In re Abbotts Dairies of Pennsylvania, Inc.,
 
 788 F.2d 143, 147 (3d Cir.1986). “Good faith” purchaser status is precluded by,
 
 inter alia,
 
 fraud, collusion with the trustee, and taking “grossly unfair advantage” of other bidders.
 
 In re Andy Frain Servs., Inc.,
 
 798 F.2d 1113, 1125 (7th Cir.1986);
 
 Willemain v. Kivitz,
 
 764 F.2d 1019, 1023 (4th Cir.1985);
 
 In re Bel Air Assocs., Ltd.,
 
 706 F.2d 301, 305 (10th Cir.1983).
 

 In its appeal to the district court, Debtor contended that “relative” or “sharp” bids are illegal
 
 per se,
 
 hence grossly unfair,
 
 see, e.g., Holliday v. Higbee,
 
 172 F.2d 316, 318 (10th Cir.1949);
 
 Trump v. Mason,
 
 190 F.Supp. 887, 888 (D.D.C.1961) (noting that relative bids “destroy the integrity of the [sealed]
 
 *9
 
 bidding system”).
 
 [2]
 
 Thus, Debtor argued, Reid became a “bad faith” purchaser merely by submitting the unannounced relative bid.
 
 [3]
 
 The district court recognized the “problematic” nature of the “bad faith” claim urged by Debtor, but decided that the presumed “evil” of relative bidding lay in concealing the fact that a relative bid had prevailed. The court concluded that no “bad faith” was shown on the part of Reid since all auction participants (and bystanders) were informed of Reid’s relative bid, were afforded an opportunity to object to it, and acquiesced until well after the bid was accepted and the sale consummated.
 

 Debtor again argues on appeal that the relative bidding which took place in this case amounted to “bad faith.” We need not decide this claim, however, because it was not preserved in the bankruptcy court.
 
 See In re LaRoche,
 
 969 F.2d 1299, 1305 (1st Cir.1992) (arguments not raised in bankruptcy court cannot be raised for the first time on appeal) (citing
 
 In re 604 Columbus Ave. Realty Trust,
 
 968 F.2d 1332, 1343 (1st Cir.1992)). Debtor had ample opportunity to object to the relative bid submitted by Reid, the trustee’s acceptance of Reid’s bid, and the consummation of the sale. After the sealed bids were opened, the bankruptcy judge and the trustee engaged in an extended discussion as to the appropriateness of relative bidding. Although both Bell and Debtor’s counsel were present, neither challenged the propriety of the bid or the bidding. Nor did Debtor request a stay. In sum, at no time did the Debtor alert the bankruptcy court to the “unfairness” claim later raised in its appeal to the district court.
 
 [4]
 

 Appellate claim preclusion is especially appropriate in these circumstances, where a timely objection before the bankruptcy court might well have enabled the prompt submission of
 
 non
 
 relative bids by the assembled participants. At the very least, it would have permitted the bankruptcy court to make findings of fact and conclusions of law as to whether any cognizable unfairness occurred in this case.
 
 See Poliquin v. Garden Way, Inc.,
 
 989 F.2d 527, 531 (1st Cir.1993) (explaining importance of “raise or waive” rule in the litigation “winnowing process,” as it enables courts to “narrow what remains to be decided[;] [i]f lawyers could pursue on appeal issues not properly raised below, there would be little incentive to get it right the first time and no end of retrials”).
 

 Even assuming its “unfairness” claim were preserved, however, Debtor would lack “standing” to assert it.
 
 See In re Dein Host, Inc.,
 
 835 F.2d 402, 404 (1st Cir.1987) (court of appeals “duty bound” to undertake preliminary inquiry into “standing”). Debtor does not allege that it is an “aggrieved person,” nor does the record indicate that Debtor possesses “standing.”
 
 See, e.g., Rumford Pharmacy, Inc. v. City of East Providence,
 
 970 F.2d 996, 1001 (1st Cir.1992) (“standing” requires,
 
 inter alia,
 
 “personal injury fairly traceable to the allegedly unlawful conduct”);
 
 see also In re Lovitt,
 
 757 F.2d 1035, 1039 (9th Cir.),
 
 cert. denied,
 
 474 U.S. 849, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985).
 

 First, all the Debtor’s property became property of the chapter 7 estate long before the auction sale.
 
 See
 
 Bankruptcy Code §§ 303, 541; 11 U.S.C. §§ 303, 541.
 
 *10
 
 The chapter 7 trustee, not the chapter 7 debtor, is responsible for collecting all property of the estate and reducing it to money.
 
 See
 
 Bankruptcy Code § 704(1); 11 U.S.C. § 704(1);
 
 cf.
 
 Fed.R.Bankr.P. 2010 (authorizing proceeding on trustee’s bond for breach of condition of “faithful performance of official duties”). Second, it is well established that a chapter 7 debtor generally lacks “standing” to challenge a bankruptcy court judgment confirming a sale of property of the chapter 7 estate:
 

 A chapter 7 debtor is not considered a “person aggrieved,” as [it] lacks a pecuniary interest in the “property of the estate.” There are two exceptions: (1) if the debtor can show that a successful appeal would generate assets in excess of liabilities, entitling the debtor to a distribution of surplus under Bankruptcy Code § 726(a)(6), 11 U.S.C. § 726(a)(6), or (2) the order appealed from affects the terms of the debtor’s discharge in bankruptcy.
 

 In re Thompson,
 
 965 F.2d 1136, 1144 (1st Cir.1992);
 
 see also In re Goodwin’s Discount Furniture, Inc.,
 
 16 B.R. 885, 887-88 (Bankr. 1st Cir.1982). In this case, an estate surplus is neither suggested by the Debtor nor by the record, as the chapter 7 estate was hopelessly insolvent.
 
 [5]
 
 Third, Debtor submitted no bid. Rather, Mark Bell, Debtor’s president and sole shareholder, submitted a private offer
 
 in his own name;
 
 the chapter 7 trustee designated Bell as the offeror in his notice of proposed private sale (“to Mark Bell or
 
 his
 
 nominee”) (emphasis added), and Bell submitted a sealed bid in his personal capacity (“sealed bid of Mark Bell”).
 
 See also supra
 
 note 2.
 

 In sum, Debtor failed to preserve any cognizable claim of injury resulting from the order approving the sale. Thus, we need not, indeed should not, address the idiosyncrasies attending section 363(m) “mootness” and the scope of the “bad faith” defense.
 

 Appeal dismissed; no costs to either party.
 

 [1]
 

 . The district court relied on Bankruptcy Code § 363(m), which provides:
 

 The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 

 11 U.S.C. § 363(m).
 

 [2]
 

 . The notices of appeal filed in the bankruptcy court,
 
 see
 
 Fed.R.Bankr.P. 8002(a), 9001(1), (3), 9002(2), (3), and in the district court,
 
 see
 
 Fed.R.App.P. 4(a)(1), 6(a), 6(b)(1), designate Debtor as the only appellant. Accordingly, Bell is not a party to the present appeal.
 
 Pontarelli
 
 v.
 
 Stone,
 
 930 F.2d 104, 108 (1st Cir.1991) (holding that court of appeals lacks jurisdiction of appeal by party not designated in notice of appeal as required under Fed.R.App.P. 3(c)).
 

 [3]
 

 . "Relative” or "sharp” bidding is highly unusual in bankruptcy cases. Although we do not condone its unannounced use, we leave for another day whether relative bidding is ever appropriate or practicable in the context of a judicial sale.
 

 [4]
 

 .At oral argument, Debtor disclaimed any contention whatever that relative bidding,
 
 per se,
 
 violates public policy, or that it contravenes the policy favoring maximization of liquidation recoveries in bankruptcy proceedings. Debtor's retreat to its "unfair surprise" claim completely undermined its earlier contention that Reid's relative bid was void
 
 ab initio. See Short
 
 v.
 
 Sun Newspapers, Inc.,
 
 300 N.W.2d 781 (Minn.1980). Accordingly, Debtor's remaining claim—that Bell was unfairly surprised by Reid's relative bid— might portend, at most, that Reid's bid was
 
 voidable
 
 upon timely objection by an unsuccessful bidder.
 

 [5]
 

 . For example, the trustee represented in the notice of proposed private sale that the estate had "no funds” with which to pursue the cause of action against Reid.