The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, AR 75504
Dear Representative Young:
This is in response to your request for an opinion regarding the award of a contract by a school district to a vendor upon competitive bidding. All purchases of commodities by school districts, except those commodities specifically exempted, must be made by soliciting bids whenever the estimated purchase price equals or exceeds $5,000. A.C.A. §6-21-304(a)(1) (Repl. 1993).
Correspondence attached to your request indicates that competitive bids were submitted to the Texarkana Arkansas School District in response to a request for proposals for copier machines. The school administration reportedly assumed that the bid in question, as initially submitted, required a cash payment of the total amount upon delivery of the copiers. Letter from William J. Goff to Rep. Dennis Young (July 31, 1995). Thus, the administration "initially gave little consideration to that proposal." Id. The bidder apparently at some point after the bids were opened informed the school district that the purchase price could be paid in five annual installments with no finance cost. Id. Your specific question in this regard, restated, is as follows:
 Is the installment payment plan a change in the bidder's original proposal?
 It is my opinion, under the facts set forth in your request, that regardless of whether the payment schedule must be considered a "change" in the proposal, the bid in all likelihood fails to comply with general bidding requirements and therefore should not be considered.
It has been stated, generally, that the procedure governing bidding for public contracts "involves three vital principles: an offering to the public, an opportunity for competition, and a basis for an exact comparison of bids. . . ." 64 Am. Jur. 2d Public Works and Contracts § 30 (1972). Consistent with, and in furtherance of these principles, the Arkansas Supreme Court has recognized that bids are generally deemed irrevocable once they are opened. Mountain Home Sch. Dist. v. T.M.J.Builders, Inc., 313 Ark. 661, 858 S.W.2d 74 (1993); Bailey v. Carter,211 Ark. 369, 200 S.W.2d 313 (1947). As stated in American Jurisprudence:
 It is essential that some time be fixed within which bids must be submitted, and that new or amended bids submitted after that time should not be considered. . . . A bid must constitute a definite offer for the contract which can be accepted without further negotiations. . . . Whether the bidding by a contractor was competitive must be tested by the bids at the time they are opened.
(Emphasis added.)
64 Am. Jur. 2d, supra, § 54.
With regard to the bid in question, it appears from the stated facts that at the very least, some further explanation was required in order for the school district to be able to act on the bid as submitted. And in all likelihood, a court faced with the issue would conclude that the bid was not "complete in itself." Grant County Bank v. McClellan, 112 Ark. 550,166 S.W. 550 (1914). In Grant County Bank, the court stated that "[t]here can be and is no real competition unless all bidders are required to bid upon the same basis, and no proposition can be construed to be a bid unless it is complete in itself as declared by the court."112 Ark. at 552. The trial court had recited several "declarations of law" including a statement that "[the] bid must contain a distinct proposition, which can be acted upon, taken alone and without reference to anything outside itself." Id. at 551. Otherwise, according to the circuit court, the bid is "under the law no bid at all." Id. at 552.
According to the material submitted with your request, the bid stated "cash purchase. . . ." At some later point, the bidder informed the district that the purchase price could be paid in installments. It seems clear that the bid in this instance did not contain the entire proposal such that it "could be taken and acted upon alone, without reference outside itself. . . ." Grant County Bank, supra.
The power and duty to construe bids rests, of course, primarily with the school district. See generally 64 Am. Jur. 2d, supra, at § 54. A determination regarding the sufficiency of a bid must be made on a case by case basis. And it has been generally stated that school authorities are given "wide discretion" in awarding a school contract. 78 C.J.S.Schools and School Districts § 414 (1995). See also 64 Am. Jur. 2d,supra, at § 64. In this instance, however, regardless of whether the bid is deemed changed by virtue of the proposed payment terms, my research indicates that the district's discretion does not extend to considering a bid that is not complete in itself.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh