MARY T. GRENNAN *vs.* SILAS PIERCE, trustee.

Suffolk.    January 14, 1918. — January 14, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, Validity. *Trust,* License to sell real estate. *Equity Jurisdiction,* Specific performance.

A trustee under a will, who by the terms of the will had authority to sell real estate, made an agreement in writing with a person desiring to buy certain real estate belonging to the trust to sell him this real estate "subject to the approval of the Probate Court for Suffolk County and if license to sell cannot be obtained, the deposit shall be returned and the agreement cancelled." At the hearing of the trustee's petition for a license the trustee appeared and represented to the Probate Court that since filing his petition he had received a more advantageous offer for the real estate than that set forth in the petition, whereupon the judge suggested an amendment of the petition substituting an averment of the higher offer and a prayer for a license to accept it, such an amendment was made and such a prayer was granted. Upon a suit in equity brought by the maker of the first offer against the trustee to enforce the specific performance of the agreement with him, it was *held* that the bill must be dismissed, because the condition of the agreement upon which alone the obligation to convey was to become operative never had occurred.

In the same suit it was *said* that the defendant trustee had committed no breach of contract and that in informing the Probate Court of the higher offer he had performed his plain duty as trustee.

In the case above described it also was *pointed out* that the fact that the trustee had authority under the will to make the sale without a license did not affect the validity of the requirement in the contract of the procuring of a license from the Probate Court as a condition precedent to a sale.

BILL IN EQUITY, filed in the Superior Court on July 30, 1917, against the surviving trustee under the will of Silas Pierce, late of Boston, to enforce the specific performance of an alleged contract to sell and convey to the plaintiff two lots of land with the buildings thereon numbered 47 and 49 on Hammond Street in Boston.

The material allegations of the bill are described in the opinion. The defendant demurred to the bill. The case was heard upon the demurrer by *Fox,* J., who made an order sustaining the demurrer. Later by order of the judge a final decree was entered ordering that the bill be dismissed. The plaintiff appealed.

*E. Greenhood,* for the plaintiff.

*F. O. White,* for the defendant.

BY THE COURT. The bill alleges that the defendant as trustee, having authority under the will to sell real estate, made an agreement with the plaintiff to sell certain real estate "subject to the approval of the Probate Court for Suffolk County and if license to sell cannot be obtained, the deposit shall be returned and the agreement cancelled;" that a petition for such license was filed, a citation was issued and on the return day no one appeared to oppose the granting of such license, but that the defendant appeared and "represented to the court that, since filing said petition, he had received" a more advantageous offer than that set forth in the petition, whereupon the court suggested an amendment substituting the higher offer, and this was done; and that "the defendant, by his own said conduct, prevented himself from obtaining a license to sell said estate according to the terms of said agreement with the plaintiff." The prayer is for specific performance and for a decree directing the defendant to procure a license unless opposition is made thereto, to require him to make good to the trust personally the difference between the agreed price and the subsequent offer, and for other relief.

It is manifest that the condition of the agreement, upon which

alone the obligation to convey should become operative, has never been performed. The court never granted such a license. It was the plain duty of the defendant in the execution of his trust to report to the Probate Court the fact that he "had received" a higher offer for the real estate than the price named in the agreement. He was in no way responsible for the action of the court. The record is at the opposite pole from showing any actual or constructive bad faith on the part of the trustee. The circumstance that the defendant had authority under the will to make the sale without a license does not affect the validity of the condition in the agreement as to procuring a license.

*Decree dismissing bill affirmed with costs.*