GRATIOT STATE BANK, Respondent, vs. MARTIN and others, Appellants.

*January 11—February 9, 1943.*

H. J. *Beardsley* of Darlington, attorney, and *Elton S. Karrmann* of Platteville of counsel, for the appellants.

For the respondent there was a brief by *McDaniel, McDaniel & Reinoehl* of Darlington, and oral argument by *C. F. McDaniel.*

ROSENBERRY, C. J.   The question presented by this record is whether this court should now abandon the rule which has obtained here for many years that an offer or agreement to advance a bid upon a resale which is made before the sale is confirmed, not accompanied by a showing of mistake, misapprehension, or inadvertence, is insufficient to sustain an order setting aside the sale (*Adams v. Haskell* (1859), 10 Wis. *123; *Kneeland v. Smith* (1861), 13 Wis. *591; *Griswold v. Barden* (1911), 146 Wis. 35, 130 N. W. 952; *A. J. Straus Paying Agency v. Jensen* (1938), 226 Wis. 462, 277 N. W. 105) ; or whether we shall adopt the minority rule which is that the entire matter of confirmation rests in the discretion of the court.   (See 11 A. L. R. pp. 399, 417.)   In this case the plaintiff makes no claim that there was any mistake, misapprehension, or inadvertence on its part.

The plaintiff contends that because it consented to the setting aside of the first sale, it is now entitled to have the defendants consent to the setting aside of the second sale. It says that such a procedure would be no more than fair. The trouble with plaintiff's position is that the defendants do

not give their consent and no authorities support it. A mere expectation of favor, even if it were well founded, is not a mistake, a misapprehension, or an inadvertence.

It is considered that the long-established rule should be adhered to.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to confirm the sale.