MARIAN RAWLINS AND MILLIE F. RAWLINS *v.* IZUMO TAISHA KYO MISSION OF HAWAII, THE CITY AND COUNTY OF HONOLULU, LESTER PETRIE, MAYOR OF THE CITY AND COUNTY OF HONOLULU, JOHN M. ASING, MILTON D. BEAMER, CHUCK MAU, J. HAROLD BORTHWICK, M. C. PACHECO, PHILIP N. SING, MARSHALL F. WRIGHT, SUPERVISORS, KAZUE MINAMI, UICHI YAMANE, DAIZO KAWAMURA AND SHINSAKU KUBA.

No. 2531.

Submitted March 17, 1944.          Decided May 5, 1944.

Kemp, C. J., Peters and Le Baron, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal from the order of the circuit judge at chambers, in equity, sustaining the demurrers and dismissing appellants' petition for an injunction.

The petitioners-appellants are Marian Rawlins and Millie F. Rawlins, and the respondents-appellees are the City and County of Honolulu, its mayor, and members of its board of supervisors, and Izumo Taisha Kyo Mission of Hawaii, an eleemosynary corporation, and its committee on dissolution. The substance of the material allegations of the petition follows:

That the property hereinafter referred to is the only property of said corporation; that on July 13, 1942, the mission, through its committee on dissolution, advertised for sale its property situate at 410-D Leleo Lane; that petitioners made the highest and best bid for said property and their bid was accepted subject to the issuance of a permit to convey by the office of the foreign funds control; that on August 20, 1942, petitioners were advised that the permit had been refused and the check was returned to them, but they refused to accept said check on the ground that they were asking for a re-examination and reconsideration of the denial of a permit to sell to them; that petition was made to Ingram M. Stainback, Governor of Hawaii, the person authorized by the Treasury Department to extend such permits and to consider applications for a reconsideration; that petitioners have not been advised that any ruling has been made upon said application and petition; that the respondents constituting said dissolution committee and said Izumo Taisha Kyo Mission of Hawaii have not sought in good faith to secure permission to sell to petitioners but on the contrary have done their utmost to secure the denial of a permit, advising the agents of the Federal Treasury that they no longer desired to sell to petitioners but desired to make a gift of the same to the City and County of Honolulu; that subsequent to the acceptance of the bid of the petitioners the mission entered into negotiations with the City and County of Honolulu to convey said

property to said City and County, notwithstanding the acceptance of the bid of petitioners, and that the committee of public works of said City and County has recommended to the board of supervisors of said City and County that such offer be accepted; that said negotiations were entered into prior to the application to the office of the foreign funds control for a permit or license to sell, and that the application for such permit or license was not made in good faith but was coupled with the effort on behalf of said mission and its agents to have the same denied; that unless said sale is enjoined, petitioners will be irreparably damaged and there is no prompt, adequate and complete remedy at law; that petitioners are ready, able and willing to purchase said property at the price bid and accepted, and offer to do equity herein as may be ordered. The principal prayer was that the mission, its committee on dissolution, its officers and agents, be enjoined from conveying the premises other than to petitioners and that the City and County of Honolulu be enjoined from acquiring the property.

The order sustaining the demurrers purports to sustain the grounds set forth in paragraphs I, III V, VI, VII, VIII, X and XI of the demurrer of the corporation and its committee on dissolution and upon the grounds set forth in paragraphs 1, 4, 5, 8, 9 and 12 of the demurrer of the City and County of Honolulu and its officers. The substance of those paragraphs, considered in the decision sustaining the demurrers, is that it affirmatively appears from the allegations of the petition that petitioners' bid was accepted upon an express condition, to wit, the issuance of a permit to convey by the office of the foreign funds control and that the issuance of such permit was refused by the proper officer of the foreign funds control, and that therefore the petitioners have no unqualified right, either contractual or otherwise, to purchase said property.

Stripped to its essence the oral decision of the circuit judge sustaining the demurrers was that the petition shows that the sale was made subject to the condition that the authorities administering the trading-with-the-enemy Act give their approval of the sale; that inasmuch as the parties made such approval a condition, it is immaterial whether the right of the mission to make the sale was subject to the control of said authorities and that said approval having been refused, the agreement of the parties never became a binding contract, and that regardless of whether the "performing party is sidestepping it or not, this court would have no authority or jurisdiction over that performing party exercising the power that they both agreed by the character of the sale could [*sic*] [should] be exercised before there would be a contract."

The decision having reached this point, there was further discussion by counsel, whereupon the court concluded its decision as follows: "I would put the sustaining of the demurrer on both grounds, so as not to quibble about it. One: That the transaction in question comes within the regulated transactions under the President's order, the validity of which order is not for this court to determine; and, secondly, that even if the authority had been exceeded and some court might on some occasion so interpret it, that in this particular transaction it was a condition which was a condition of the auction, and there is no—by the pleading—contractual relationship ultimately established without the performance of the condition, and this Court has no control over the discretion of the party to exercise the condition or to perform the condition."

Appellants argue (1) that no license from the office of the foreign funds control was necessary to permit the mission to convey its real property; (2) that a restrictive injunction against conveying the property to others than

the petitioners is proper even though the conveyance must be under license by the foreign funds control office.

The suit is obviously an indirect attempt by the petitioners to compel the mission to sell the property to them, although the prayer is for negative action by the mission. If petitioners consider that they have a binding contract with the mission for the purchase of the property, it is difficult to understand why they sought injunctive relief instead of specific performance. It seems to us that they seek to accomplish indirectly what they concluded they could not accomplish directly. A fundamental requirement for decreeing specific performance is that there shall be a valid contract between the parties. (*Molokai Ranch, Ltd.* v. *Morris*, 36 Haw. 219; *Finklea* v. *Carolina Farms Co.*, 196 S. C. 466, 13 S. E. [2d] 596; *Grennan* v. *Pierce*, 229 Mass. 292, 118 N. E. 301.) In the *Grennan* case specific performance of an agreement of sale of real estate was sought against a testamentary trustee. The bill alleged that the trustee, having authority under the will to sell real estate, made an agreement with the plaintiff to sell certain real estate "subject to the approval of the probate court for Suffolk county and if license to sell cannot be obtained the deposit shall be returned and the agreement canceled"; that a petition for such license was filed, citation issued, and on the return day no one appeared to oppose the granting of such license, but the trustee appeared and represented to the court that since filing said petition he had received a more advantageous offer than that set forth in the petition, whereupon the court suggested an amendment substituting the higher offer, and this was done; and that the trustee by his own conduct prevented himself from obtaining a license to sell said estate according to the terms of said agreement with the plaintiff.

In affirming a decree sustaining a demurrer to the bill,

the supreme judicial court said: "It is manifest that the condition of the agreement, upon which alone the obligation to convey should become operative, has never been performed. The court never granted such a license. * * * The circumstance that the defendant had authority under the will to make the sale without a license does not affect the validity of the condition in the agreement as to procuring a license."

The foregoing authorities would be a complete answer to petitioners' argument if they were seeking specific performance and inasmuch as they seek indirectly to accomplish that result the same doctrines and rules apply. (4 Pom. Eq. Jur. [5th ed.] § 1341, p. 941.)

An injunction restraining the breach of a contract is a negative specific enforcement of that contract. Pomeroy lists three classes of contracts which equity will enforce by restraining their breach. They are: (1) Contracts containing restrictive covenants which create equitable easements, such as restrictive covenants in a deed or lease limiting the use of the land in a particular manner or prescribing a particular use which creates equitable servitudes; (2) contracts stipulating for personal services or acts, such as the contract of an actor to act, a singer to sing, or an artist to paint; (3) other agreements generally negative in their nature, such as an agreement not to carry on a trade, not to run trains past a certain station without stopping, or not to write or publish a rival work. To justify such injunctive relief petitioner must establish a completed contract of such a nature that injunction is the only practical mode of enforcement. The only practical mode of enforcing a contract for personal services is by injunction, since the court cannot in any direct manner compel an actor to act, a singer to sing, or an artist to paint, and the violation of a contract negative in its nature belonging to the class which would be enforced if

affirmative in form will be enjoined on the theory of the inadequacy of the legal remedy, and the fact that the contract belongs to a class which would be specifically enforced if its stipulations were affirmative in form necessarily shows that the legal remedy is inadequate. (4 Pom. Eq. Jur. [5th ed.] §§ 1341, 1343, 1344, pp. 941, 943-945.)

The right to compel performance of a contract for personal labor or services or to maintain any suit for a breach of such a contract, other than a civil suit instituted solely to recover damages for a breach thereof, is prohibited by section 10 of the Hawaii Organic Act, which provides: "That no suit or proceedings shall be maintained for the specific performance of any contract heretofore or hereafter entered into for personal labor or service, nor shall any remedy exist or be enforced for breach of any such contract, except in a civil suit or proceeding instituted solely to recover damages for such breach." 48 U. S. C. A. 501-504. The transaction here involved is not affected by the prohibitive provision of our Organic Act and we call attention to it for the sole reason that in our discussion of the general law on the subject we have included what Pomeroy, the authority relied upon, had to say on the subject.

The foregoing conclusions make it unnecessary for us to decide whether a license to sell was necessary.

The order sustaining the demurrers should be affirmed and it is so ordered.

*W. H. Heen* and *M. K. Ashford* for appellants.

*Murakami & Marumoto* for appellees Izumo Taisha Kyo Mission of Hawaii, Kazue Minami, Uichi Yamane, Daizo Kawamura and Shinsaku Kuba.

*C. A. Wirtz*, City and County Attorney, and *J. V. Gilbert*, Deputy City and County Attorney, for appellees City and County of Honolulu, mayor and supervisors.