Howard C. Connor *vs.* Albert W. Rockwood & others.

Middlesex.     October 8, 1946. — November 4, 1946.

Present: Field, C.J., Dolan, Ronan, Wilkins, & Spalding, JJ.

*Contract,* For sale of real estate, Validity.

A provision in a contract for sale of real estate, that the seller's performance was to be "subject to the approval of this sale and conveyance" by a third person from whom the seller had acquired the property by a deed containing a clause forbidding him to sell or convey the property without first securing the written approval of the third person, was not invalid, and in the absence of such approval by the third person, which the seller was not bound to obtain, the purchaser was not entitled to specific performance of the contract.

Bill in equity, filed in the Superior Court on November 16, 1945.

Demurrers were heard by *Cabot,* J.

*A. S. Allen,* for the plaintiff.

*B. C. Perkins,* for the defendants Rockwood.

*K. C. Parker,* for the defendant Oyster Harbors Incorporated.

Spalding, J.    This is a bill in equity for specific performance of an agreement between the plaintiff and the defendants Albert W. Rockwood (hereinafter called Rockwood) and his wife, Lucia Beebe Rockwood, for the purchase and sale of a tract of land with the buildings thereon and their contents. Oyster Harbors Incorporated (hereinafter called Oyster Harbors) is also a defendant. Demurrers filed by the defendants were sustained, and from a final decree dismissing the bill the plaintiff appealed.

The bill alleged that on July 23, 1945, Rockwood, who owned a tract of land with a dwelling house and garage

thereon at Oyster Harbors in the village of Osterville, entered into a written agreement with the plaintiff (a copy of which is annexed to the bill) for the sale of this property for a specified price on or before September 1, 1945; that Rockwood obtained title to the property from Oyster Harbors on or about May 14, 1941, by a deed containing a clause which restricted him for a period of twenty years from selling or conveying "the whole or any part thereof to any person or corporation without first securing approval in writing of the Board of Governors of the Oyster Harbors Club, or of Oyster Harbors, Incorporated"; and that at the proper time and place the plaintiff tendered the balance of the purchase price due under the agreement to Rockwood, who refused it on the ground that he was unable to obtain the approval of Oyster Harbors to convey the property. The bill further alleged that Rockwood never attempted in good faith to secure such approval.

The written agreement between the plaintiff and Rockwood provided that the premises were to be conveyed free from all encumbrances except "easements, restrictions and agreements of record insofar as they may be in force and applicable" and that performance by Rockwood was to be "subject to the approval of this sale and conveyance by Oyster Harbors Incorporated." It further provided that, if Rockwood is "unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease."

The plaintiff contends that the only real question of law raised by the demurrers is the legal effect of the ·clause in Rockwood's deed forbidding him to sell without the prior approval in writing of Oyster Harbors, and argues that this provision [1] is invalid as an unlawful restraint on alienation. But as we view the case we are not called upon to decide that question. The plaintiff entered into no agreement with Oyster Harbors, but is seeking specific performance of an agreement that he made with Rockwood. This

---

[1] In one of the prayers in his bill the plaintiff asked to have this provision adjudged to be an unlawful restraint on alienation.

agreement, as pointed out above, contained a, clause that the conveyance was to be "subject to the approval of . . . Oyster Harbors Incorporated." Unless this clause is invalid, the plaintiff's bill is not good on demurrer without an allegation that such approval has been obtained. In our opinion this clause is not invalid and, the consent of Oyster Harbors not having been obtained, the plaintiff is not entitled to specific performance. See *Putnam* v. *Grace,* 161 Mass. 237, 247; Williston, Contracts (Rev. ed.) § 1422; Pomeroy, Specific Performance (3d ed.) § 334. Rockwood's obligation to convey was conditioned upon the obtaining of this consent (*Grennan* v. *Pierce,* 229 Mass. 292) and, under the terms of the agreement, he was under no duty to procure it.

> *Interlocutory decrees sustaining*
> *demurrers affirmed.*
> *Final decree affirmed with costs.*