## Stone Estate.

Argued December 3, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

reargument refused March 24, 1948.

*Robert B. Wolf*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*M. E. Maurer*, with him *Harold J. Borofsky* and *Arthur Littleton*, for appellees.

OPINION BY MR. JUSTICE LINN, January 19, 1948:

The Fidelity-Philadelphia Trust Company, Trustee under the will of Charles F. Stone, agreed to sell to David Balaity for $24,000 certain real estate left by the dece-

dent. The net income from the trust estate, containing spendthrift provisions, was payable to testator's widow for life, then to their children for life, remainder to the children's issue. The widow is 86 years of age.

Before the time for settlement arrived all the beneficiaries joined in a petition citing the Trustee to show cause why the agreement of sale should not be set aside. The reasons, briefly stated, were that the net income estimated to be received from the net proceeds of the sale will be considerably less than the present income derived from the property upon which income the widow in the words of the petition, "is dependent almost wholly."

The Trustee filed a responsive answer to the petition asserting the power to make the sale but submitting itself to the order of the court. The answer set forth that in executing the agreement the Trustee acted pursuant to the following provision of the will: "ITEM. I authorize and empower my said trustee to sell at public or private sale clear of all trusts and without any liability of the purchaser or purchasers to see to the application of the purchase money any of or all of my real estate whenever in the judgment of my said trustee such sale or sales will be for the advantage of my Estate and to execute and deliver the necessary deed or deeds of conveyance therefor." Another paragraph of the answer contained the following: " . . . Respondent denies in any event that the proposed sale would not be for the best interests of the parties in interest in this Trust Estate. Respondent avers that it has an obligation as Trustee both to the life tenants and to the remainder interests in the Trust Estate being administered by it and that when viewed from the standpoint of all the interests, both for life and in remainder, the proposed sale is for the best interests of the parties in interest, for the reasons that Respondent has received successively higher offers for the purchase of [the property in question] pursuant to which the price offered therefor has

increased from $9000 to $24,000; that the assessed value thereof for 1946 is $10,600, and current appraisals of said premises in no case exceed $17,500; that the existing building was erected upon said premises at or about the year 1865; and that the net income from the premises for the period 1934 to 1945, both years inclusive, averaged $339.88 per annum, whereas net income anticipated therefrom after said sale is approximately $800 per annum."

The case was heard on petition, answer, and a stipulation of facts. The learned court set aside the sale on the ground, as we understand the opinion filed, that the court had the power to set aside this discretionary action of the Trustee although there was no abuse of discretion in the action of the Trustee. We are not now prepared to assent to that view of the power of the court, though for another reason we must affirm the order appealed from.

The agreement of sale, which was dated October 9, 1946, provided: "18. All sales by fiduciaries being liable to vacation by the courts, this agreement is made upon the express condition that if executed by the Vendor as fiduciary it is subject to the approval of a court of competent jurisdiction if, prior to settlement and delivery of Deed, proper action is taken in court to prevent the sale or if the Vendor is required by law to obtain a judicial decree approving this agreement before consummating the sale." In its answer the Trustee sets forth that "the Agreement of Sale was specifically drawn with a provision that settlement take place after January 1, 1947 in order that petitioners might, if they so desired, make application to this Court for the setting aside thereof . . ." As the parties made their agreement subject to the approval of the court the appellant is of course bound by the court's order. On that ground we affirm the order.

Affirmed at appellant's costs.

DISSENTING OPINION BY MR. JUSTICE PATTERSON:

The decree of the court below restraining the sale and setting aside the agreement of sale should be reversed for the reason that the Act of 1945, P. L. 944, 20 PS Section 818, removed from the Orphans' Court power to control fiduciary agreements for the sale of real estate in the absence of fraud, accident or mistake and the court was without power to set aside the discretionary act of the trustee.

The majority opinion while denying the power of the court to set aside the discretionary act of trustee, does nevertheless permit trustee by agreement with another party to delegate to a third person—a "court of competent jurisdiction"—its power to determine the propriety of contracts of sale. No right to delegate such power now exists.

Prior to the Act of 1945, supra, the Orphans' Court possessed power to review actions of a fiduciary done pursuant to discretionary power vested in trustee by settlor or testator: *Dundas's Appeal,* 64 Pa. 325; *Demmy's Appeal,* 43 Pa. 155. This Court held in *Brereton Estate,* 355 Pa. 45, 48 A. 2d 868, that the Act did not violate Article V, Section 22 of the Constitution of this Commonwealth. In so holding this Court dismissed the contention that the legislature could not properly remove from the Orphans' Court the power to review and to control the exercise of discretionary powers vested in a trustee by the creator thereof. Having there recognized abolition of that power a majority of this Court now holds that the Orphans' Court is a "court of competent jurisdiction." See *Commonwealth Trust Company General Mortgage Investment Fund Case,* 357 Pa. 349, A. 2d.

The power of the Orphans' Court to approve or disapprove the exercise of the discretionary powers entrusted by a testator to his trustee has been taken away. This discretionary power of the fiduciary cannot be delegated to the Orphans' Court or any other body or person

whom the trustee might select. It cannot be seriously contended that a fiduciary with such personal discretionary power may delegate the same to a real estate broker so that he in his discretion may approve or disapprove of trustee's actions. The covenant with appellant to vest such power in the Orphans' Court was improper and void. It is well settled that a fiduciary may not substitute the discretionary judgment of another for his judgment: *Kohler Estate,* 348 Pa. 55, 58, 33 A. 2d 920. This, however, is the very result which the majority opinion not only approves but specifically states to be the basis for affirming the decree of the court below.

The decree of the court below should be reversed and the petition dismissed.