PAUL FORESTER, JUNIOR, & another *vs.* THE O'CONNELL & LEE MFG. CO. & others.

Middlesex. January 9, 1952. — February 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract*, Condition precedent, With trustee, Performance and breach.

An inference that testamentary trustees owning stock in a corporation used all reasonable efforts to consummate a sale of property by the corporation in accordance with their undertaking to do so in a contract of sale was warranted where it appeared that the trustees, the day after the contract was executed, filed a petition in the Probate Court for authority to vote their stock in favor of consummation of the sale, that they immediately conferred with the judge of probate, who dismissed their petition, and that they acted in good faith throughout the entire transaction.

There was no error in a decree dismissing a suit in equity for specific performance of a contract for the sale of property by a corporation containing the express condition that the corporation could cancel the contract if trustees under a will, who owned most of the stock in the corporation, failed to secure authority from the Probate Court to vote their shares in favor of the sale, where it appeared that the

trustees promptly and in good faith sought such authority by petition to that court but that the probate judge, being of opinion that the will authorized them so to vote, dismissed their petition, and that shortly thereafter the corporation received and accepted an offer by a third person to purchase the same property at a price substantially in excess of the price stated in the contract with the plaintiff and cancelled that contract.

BILL IN EQUITY, filed in the Superior Court on August 10, 1951.

The suit was heard by *Murray*, J.

*A. L. Brown*, (*F. H. Caskin* with him,) for the plaintiffs.

*W. B. Sleigh, Jr.*, (*R. C. Evarts & S. Bell* with him,) for the defendants.

RONAN, J. This is an appeal from a final decree dismissing a suit brought by the plaintiffs to require the defendants specifically to perform a written contract by which the plaintiffs agreed to buy the real estate, fixtures, machinery, and equipment of The O'Connell & Lee Mfg. Co. for the sum of $25,000 and also all lumber and stock finished and in process at a price to be fixed by appraisal. Besides the corporation, the agreement was signed by the Cambridge Trust Company and by Curren and Smith, trustees under the will of Charles Lee. Curren and Smith did not sign in their individual capacities. The obligation to sell was subject to express conditions which will be presently discussed.

The corporation, The O'Connell & Lee Mfg. Co., was engaged in conducting a wood finishing plant. The defendant trustees held 570 shares out of its outstanding capital stock of 615 shares. In addition, Curren held individually 15 shares and Smith, 25 shares. The agreement provided for the delivery by the corporation of the deed and bill of sale twenty-five days from the date on which the trustees secured authorization from the Probate Court to vote the 570 shares in favor of the sale. The agreement also provided that "The agreements and obligations of Seller hereunder are subject to the express conditions (1) that if within Ninety days from the date hereof . . . [the trustees] fail to secure authorization from said Probate Court to vote said 570 shares of capital stock in favor of this sale," and

(2) if the stockholders of two thirds of all the stock fail to vote to consummate the sale, "then and in either of such events Seller shall have the option to cancel and terminate this agreement forthwith, upon returning to Buyer said deposit of Twenty-Five Hundred (2,500.00) Dollars." The agreement further stated that all the defendants, other than the corporation, joined in the agreement so as to enable them to agree with the buyer to use all reasonable efforts to complete the sale upon the terms and conditions set forth.

The judge of the Superior Court made a report of the material facts which contained the following findings. The trustees on July 20, 1951, the day after the buy and sell agreement was executed, filed a petition in the Probate Court reciting the making of the agreement and praying that they be authorized "to vote said 570 shares in favor of the consummation of said sale at the price and upon the terms and conditions set forth in said agreement and of the liquidation of said company thereafter." In order to expedite a decision upon the petition, counsel for the trustees immediately conferred with the judge with reference to the appointment of a guardian ad litem. The judge examined the petition and agreement and, being of the opinion that the will authorized them to do what they were seeking authority to do from the court, ordered the petition dismissed. The will contained no exculpatory clause. The corporation, shortly thereafter, received from a third party and conditionally accepted an offer substantially in excess of the price stated in the agreement with the plaintiffs. It then returned the deposit received from the plaintiffs and cancelled the agreement. The trustees have acted in good faith throughout and solely, in their judgment, in the interest of the trust estate.

The findings relative to the prompt filing of the petition, followed almost immediately by the conference with the judge to secure an appointment of a guardian ad litem, coupled with the fact that the trustees were acting in good faith throughout the entire transaction, justify the infer-

ence, which the judge of the Superior Court must have drawn, that these defendants made reasonable efforts to consummate the sale with the plaintiffs. *Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133. *Perkins* v. *Becker's Conservatories, Inc.* 318 Mass. 407, 411.

The judge found that within a short time after the Probate Court denied the trustees' petition one Robinson and one Finley made an offer to purchase the same property of the corporation as that enumerated in the agreement made with the plaintiffs at a price approximately $12,000 higher than the price offered by the plaintiffs. Robinson and Finley made a deposit of $2,000 and entered into a buy and sell agreement with the defendants, subject to it being determined that the defendants are not required to sell to the plaintiffs.

The plaintiffs knew that they were dealing with the trustees in a fiduciary capacity. They were aware that the contract contained a condition precedent which was inserted for the benefit of the trustees. The plaintiffs had no assurance that the Probate Court would approve the trustees voting their stock in favor of the sale. The trustees were bound to secure a sale that would be in the best interests of their beneficiaries. The instant case does not differ materially from *Grennan* v. *Pierce*, 229 Mass. 292, which held that, where a trustee entered into a contract to sell land subject to the approval of the Probate Court but before the receipt of such approval he received a better offer, the court might properly withhold its approval and the buyer was not entitled to a decree requiring the trustee to sell. See also *Blum* v. *William Goldman Theatres, Inc.* 164 Fed. (2d) 192; *Estate of De La Montanya*, 83 Cal. App. (2d) 322; *In re First Methodist Church of New Brunswick*, 141 N. J. Eq. 92; *Stone Estate*, 358 Pa. 335; Scott, Trusts, § 272.1.

*Decree affirmed with costs of appeal.*