PAUL LIVOLI *vs.* VERNON C. STONEMAN & others, trustees.

Middlesex.   February 8, 1955. — April 5, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Contract,* For sale of real estate, Performance and breach.

Under a contract for sale and purchase of a large tract of land providing that the sale was "subject to the sub-division plan being approved by the Planning Board, for a development" and that if the seller should be "unable to give title or to make conveyance as . . . stipulated, any payments made under" the contract should "be refunded, and all other obligations of either party [t]hereunto . . . [should] cease," a failure of the planning board to approve the subdivision plan, an important matter to the buyer, because he refused to agree to pay the cost of bringing town water up to the tract, where the buyer and the seller had assumed the town would do this without charge and the cost as stated to the buyer by town officers was so high as to be prohibitory and to justify him in refusing to pay it, rendered the seller unable to make conveyance as stipulated and entitled the buyer to a refund of his deposit.

CONTRACT.   Writ in the Superior Court dated November 21, 1950.

The action was heard by *Brogna,* J.

*Maurice M. Isen,* for the defendants.

*William S. Monahan,* for the plaintiff.

COUNIHAN, J.   In this action of contract the plaintiff seeks to recover a deposit paid by him to the defendants on a written agreement for the purchase and sale of a tract of

land in the town of Weston. It was tried to a judge, without jury, who found for the plaintiff. The defendants filed five requests for rulings of which the first was given and the others were denied. The first and second of the requests appear in the margin.[1] The action comes here upon the exceptions of the defendants to the denial of those requests. There was no error.

Included in the bill of exceptions are certain "Findings of Fact and Rulings" of the judge. The agreement for purchase and sale contained the following special provisions, "subject to the sub-division plan being approved by the Planning Board, for a development," and further "If the party of the first part [the defendants] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease . . . ." The purchase price was $96,750 and the deposit was $5,000. The plaintiff intended to build about two hundred houses on this land and conducted all negotiations for the purchase of it through a broker. Before entering into the agreement he talked with the broker about the availability of town water for the houses to be built. The broker talked with the defendants about this and was assured by them that town water was available, and the broker so advised the plaintiff. At that time the broker occupied a house on this land which had town water. Shortly after the agreement was signed the plaintiff talked with the planning board about plans for the development of this land. The board told him that before any action could be taken by it on the plans, it would be necessary to talk with the water commissioners about getting town water to the land. Accordingly the plaintiff talked with the commissioners and was told by them that it would cost about $200,000 to make town water available to this land from the then existing water system.

---

[1] "(1) The plaintiff has the burden of proof that he made reasonable efforts to consummate the sale with the defendants. (2) The language of the agreement in this case 'Also subject to the subdivision plan being approved by the Planning Board for a development' means that the plaintiff was to take the steps necessary to procure said approval."

The plaintiff refused to agree to pay this. In the meantime the plaintiff had a plan prepared showing the proposed development with a layout of streets and lots for two hundred four houses. He submitted this plan to the planning board for its approval, but the board declined to approve the plan because the plaintiff had refused to agree to pay the cost of bringing water to this land.

In his "Findings of Fact and Rulings" the judge expressly stated, "I find that the parties assumed that the town would make water available for the development without charge, exclusive of installations within the locus; and that this was a factor in inserting in the agreement the provision hereinbefore set forth. I find that the amount demanded by the town to make the water available was out of proportion to the value of the land and so costly as to be prohibitory. I find that the plaintiff was justified in refusing to pay it. I find that the plaintiff did everything which was reasonably necessary to obtain approval of the subdivision plan, and that failure to obtain approval was not due to any objection to the development, as proposed, but was due entirely to the refusal by the water commissioners to make water available unless the town was reimbursed for the said cost. The plaintiff, by letter, on October 26, 1950, demanded the return of the $5,000. The defendants have refused to return it."

The only question for us to decide is whether the plaintiff is entitled to the refund of his deposit because of the terms of the agreement for purchase and sale. We think that he is. It is plain that the provision for the approval by the planning board of the plan for the development of the land was a very important matter to the plaintiff, for obviously without such approval the land would be of little, if any, value to him. Indeed the judge expressly found that the parties assumed that the town would make water available to this land without charge, and that this was a factor in inserting in the agreement this provision.

The plaintiff's obligation to purchase therefore was conditioned upon the approval of the plan as provided, and

under the terms of the agreement he was under no obligation to procure such approval at any cost. *Connor* v. *Rockwood*, 320 Mass. 360, 362. See *Grennan* v. *Pierce*, 229 Mass. 292; *Forester* v. *O'Connell & Lee Mfg. Co.* 328 Mass. 377.

It is manifest that, without the approval of the plan as provided in the agreement, the defendants were unable to make conveyance as stipulated and the plaintiff was entitled to the refund of his deposit. *Prescott* v. *Germain*, 326 Mass. 432, 434.

There was no error in the denial of the requests for rulings. Request numbered 2 was not good as matter of law. *Connor* v. *Rockwood*, 320 Mass. 360, 362. Other requests denied were rendered immaterial by the special findings of the judge which were contrary to the facts upon which such requests were predicated.

*Exceptions overruled.*