11 Wis.2d 410 (1960)
ESTATE OF STRASS: GOLDBERG, Appellant,
v.
STRASS, Trustee, and another, Respondents.
Supreme Court of Wisconsin.
October 4, 1960.
November 1, 1960.
*412 For the appellant there were briefs and oral argument by A. L. Skolnik of Milwaukee.
For the respondents there was a brief by Goldberg, Previant & Cooper, and oral argument by Francis X. Swietlik, Jr., all of Milwaukee.
BROWN, J.
In Gratiot State Bank v. Martin (1943), 242 Wis. 254, 7 N. W. (2d) 863, a partition sale was ordered by the county court and an offer was made at the sale conducted by the sheriff. The offer was accepted. At the time that the sale came on for confirmation an offer of $600 was presented more than the price obtained at the partition sale. The court denied confirmation and ordered a new sale. On appeal by the first purchaser, Mr. Chief Justice ROSENBERRY, speaking for this court, reviewed the Wisconsin precedents and stated the rule which controls the case at bar, as follows (pp. 255, 256):
"The question presented by this record is whether this court should now abandon the rule which has obtained here for many years that an offer or agreement to advance a bid upon a resale which is made before the sale is confirmed, not accompanied by a showing of mistake, misapprehension, or inadvertence, is insufficient to sustain an order setting aside the sale [cases cited]; or whether we shall adopt the minority rule which is that the entire matter of confirmation rests in the discretion of the court. (See 11 A. L. R. pp. 399, 417.) In this case the plaintiff makes no claim that there was any mistake, misapprehension, or inadvertence on its part....
"It is considered that the long-established rule should be adhered to."
The order appealed from was reversed and cause remanded with directions to confirm the sale.
*413 In the case at bar, the county court concluded that the Gratiot State Bank Case, supra, was not in point because in it and the cases cited therein the sales were by statute subject to confirmation by the court, such as sales in partition or upon foreclosure. This is respondents' position, also.
The contract of sale between Dr. Goldberg and the trustee was expressly subject to the approval of the court. In its memorandum the court said, "Of necessity the trustee had to report to the court for confirmation of any agreement of sale. Especially is this true when the contract of sale was made subject to the approval of the court." We fail to recognize that there is, or should be, a different treatment accorded a court confirmation required by statute and one required by contract. A case very like the present one on its essential facts is Evans v. Hunold (1946), 393 Ill. 195, 65 N. E. (2d) 373. There a trustee of a testamentary trust had the power to make a public or private sale without order of the court, and without its approval of the sale but chose to procure an order of the court authorizing the sale. He made the sale subject to approval by the court. After he had made the sale, but before it had been confirmed, he received a better offer and presented both offers to the court, asking the court not to approve the sale for the first offer but to permit acceptance of the later, higher, offer. The trial court refused confirmation of the original offer and directed the trustee to make a resale. The supreme court of Illinois reversed, saying (p. 201):
"In this case the only reason appellee seeks disapproval of the sale is because more money was offered. The fact that events subsequent to a sale in good faith result in the trust estate being deprived of a substantial sum of money, does not outweigh the injustice which a denial of confirmation would work upon appellant."
There is a public policy in having stability of contracts which are made with trustees in good faith and for adequate *414 consideration. Unless there is stability, prospective purchasers cannot be expected to make good offers if their offers be set aside after they have been accepted in favor of later ones.
In the transaction between the trustee and Dr. Goldberg there is no claim that there was any mistake, misapprehension, or inadvertence, no suspicion of fraud, and the trustee acknowledged that $16,000 was not disproportionate to the value of the property. The trial court did not find otherwise. As in Evans v. Hunold, supra, the only reason the trustee seeks disapproval of his sale is because more money has now been offered. We adhere to the rule of the Gratiot State Bank Case, supra. The facts are insufficient to sustain an order setting aside the sale to Goldberg or to refuse to confirm it.
By the Court.Order reversed. Cause remanded with directions to confirm the trustee's sale to Dr. Goldberg.
HALLOWS, J. (dissenting).
The reasons underlying the decision in Gratiot State Bank v. Martin (1943), 242 Wis. 254, 7 N. W. (2d) 863, apply only to public judicial sales where all persons interested have an equal chance to bid on the property in competition with other interested bidders. The finality of such sales as to price insures some stability to such sales and the highest bid being made. Such reasoning does not apply to private sales by fiduciaries authorized by the court. In such sales the trustee is at a disadvantage because of a lack of prospective purchasers. The reason for the rule failing to exist in private judicial sales, the rule should not be extended to such sales. This is especially true when a private sale by a fiduciary is ordered by a court expressly subject to its approval. In such cases the court should have the power to disapprove the sale because of the inadequacy of price whether such price exceeds the appraised value or not, if at that time a better offer of purchase exists. *415 I agree with the county court that it was the trustee's duty to obtain the highest price for the trust assets. To carry out this duty, the county court, under sec. 323.06, Stats., will now be forced to order a trustee to submit to the court only offers of purchase and then direct the acceptance by the trustee. I would affirm.
I am authorized to state Mr. Justice DIETERICH joins in this dissent.