Hallows, J.
(dissenting). The reasons underlying the decision in Gratiot State Bank v. Martin (1943), 242 Wis. 254, 7 N. W. (2d) 863, apply only to public judicial sales where all persons interested have an equal chance to bid on the property in competition with other interested bidders. The finality of such sales as to price insures some stability to such sales and the highest bid being made. Such reasoning does not apply to private sales by fiduciaries authorized by the court. In such sales the trustee is at a disadvantage because of a lack of prospective purchasers. The reason for the rule failing to exist in private judicial sales, the rule should not be extended to such sales. This is especially true when a private sale by a fiduciary is ordered by a court expressly subject to its approval. In such cases the court should have the power to disapprove the sale because of the inadequacy of price whether such price exceeds the appraised value or not, if at that time a better offer of purchase exists. *415 I agree with the county court that it was the trustee’s duty to obtain the highest price for the trust assets. To carry out this duty, the county court, under sec. 323.06, Stats., will now be forced to order a trustee to submit to the court only offers of purchase and then direct the acceptance by the trustee. I would affirm.
I am authorized to state Mr. Justice Dieterich joins in this dissent.