*Northern District*
No. 5860
**ANN TEMPLIN, ET AL**
v.
**JOSEPH BARATTA**
May 27, 1964

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Artesani, J.* in the Second District Court of Eastern Middlesex, No. 6272 of 1963.

*Parker, J.* This is an action of contract to recover a deposit of $250.00 alleged to have been advanced to the defendant under an oral agreement for the sale of real estate. The declaration is in three Counts; *Count* 1, for money received for plaintiff's use; *Count* 2, on an account annexed; and *Count* 3, which alleges plaintiffs gave defendant $250.00 as a deposit for the purchase of a store located at 286 Waverly Avenue, Watertown, subject to and expressly conditioned upon plaintiffs obtaining a mortgage of $2,000.00 at $5\frac{1}{2}\%$ interest, but plaintiffs could not obtain such

mortgage and that plaintiffs made demand upon defendant to return the deposit, but defendant has refused to return it to the plaintiffs. The answer is a general denial, payment, failure of consideration, estoppel and Statute of Frauds.

There was evidence of and the court found that the following memorandum was drawn up:

"Deposit on store property at 286 Waverly Ave. Watertown, Mass. $250.00 with remaining balance of $2,000 to be paid at the passing of papers subject to Ann Templin and Rose M. Sullo getting a $2,000 mortgage, for $2,000 at 5½%. This deposit accepted with said understanding Saturday 27, 1962.

(signed) Joseph Baratta".

The court found that the plaintiffs were entitled to a return of their deposit, and so found for the plaintiffs.

In the report, the defendant claims to be aggrieved by the court's findings and by the denial of the defendant's requests for rulings ##(3), (5) and (6), which, together with their disposition, are as follows:

(3) From all the evidence, the plaintiffs have failed to prove that the defendant refused to perform his part of the oral or written agreement, therefore as a matter of law the plaintiff cannot recover back the money advanced. *Denied in view of the court's finding.*

(5) From the evidence, the placing money in the hands of the defendant by the plaintiffs

was to render it unclaimable by the plaintiffs except in case of failure on the part of the defendant to fulfill his contract. *Denied as court finds that it was subject to plaintiff's obtaining mortgage loan as set forth in memorandum.*

(6) Money paid or advanced as a deposit for the sale of real estate cannot be recovered back by the plaintiffs unless there is some fault of the part of the vendor, therefore as a matter of law the plaintiffs cannot recover. *Denied, see ruling on Number five* (5).

The written agreement states "this deposit accepted" with the "understanding" that the sale was "subject to the plaintiffs getting a $2,000 morgage". This they did not do, and now they sue to recover back the deposit.

The agreement did not call upon the plaintiffs to take any action. The agreement simply states that the sale was subject to their getting a $2,000.00 mortgage. This they have not done, but they were not required to. The deposit was accepted with the understanding that there was to be a mortgage for $2,000.00 and since there has been no such mortgage, there has been no passing of papers. The plaintiffs are entitled to a return of the deposit. *Connor v. Rockwood,* 320 Mass. 360; *Livoli v. Stoneman,* 332 Mass. 473. See and compare *Stabile v. McCarthy,* 336 Mass. 399, 403.

Accordingly, the finding for the plaintiffs was not in error and there was no error in the denial of the defendant's request (3).

There was no error in the denial of the defendant's request (5). There was no evidence reported which would show any intent of the parties to render the money placed in the hands of the defendant unclaimable by the plaintiffs except in the case of the defendant's failure to fulfill his contract, and further, as a matter of law, the contract never became effective because the mortgage was never procured. See *supra*.

As to the defendant's request (6), there was no error in its denial, for the reason that the agreement imposed no duty on the plaintiffs to secure the mortgage and therefore the plaintiffs are not in default of any obligation. *The report is to be dismissed.*

A. K. Connagan, of Cambridge, for the Plaintiff.
Ralph Marks, of Boston, for the Defendant.