Rogers *v.* Union National Bank of Little Rock

5-3766                                 398 S. W. 2d 904

Opinion delivered February 14, 1966

*Moses, McClellan, Arnold, Owen & McDermott,* By: *Wayne W. Owen*; *Smith, Williams, Friday & Bowen,* By: *John T. Williams,* for appellant.

*Chowning, Mitchell, Hamilton & Burrow,* By: *W. S. Mitchell,* for appellee.

George Rose Smith, Justice. By order of the Pulaski chancery court the appellee national bank, in its capacity as trustee of the Penzel Heirs Trust, was authorized to solicit written sealed bids for the private sale, without advertisement, of certain land in downtown Little Rock. The appellant Rogers, acting as agent for W. A. Saunders, submitted the only valid bid. The single question is whether the trustee was compelled to accept that bid and complete the sale to Saunders. This appeal is from a decree permitting the trustee to reject the Saunders bid and to proceed instead with the disposition of the property by public sale.

In 1964 the trustee bank was negotiating with the appellant Rogers, Agent, and with Louis Rosen, Agent, who were competing with each other in their efforts to buy the land from the trustee. By the terms of the trust instrument the bank could ordinarily have sold the property without judicial authorization. The bank, however, was a national bank. Under governing federal regulations the bank deemed it necessary to obtain a court order authorizing the sale, because Rosen's principal, a corporation, had stockholders who were related to one of the bank's directors.

The bank accordingly filed a petition in chancery, explaining the situation and asking that it be authorized to dispose of the property by private sale. The chancellor granted the petition. The order recited that the trustee "is authorized to sell [the land] by private sale without advertisement, for cash, after the Trustee has notified all prospective buyers of said property of the time and place when written, sealed proposals will be accepted and opened by the Trustee, and the Trustee is directed to report to this Court the highest offer so received for confirmation by the Court."

Only two bids were solicited and received. Rogers, as agent for Saunders, bid $132,001.00. Rosen, as agent for an undisclosed principal, bid "$2,500 more than the highest of any other sealed bid or bids you may receive on this property." The chancellor rightly concluded that Rosen's offer was not a valid bid, for the reasons stated in *Casey* v. *Independence County*, 109 Ark. 11, 159 S. W. 24, Ann. Cas. 1915C, 1008 (1913), and *Bank of Eastern Ark.* v. *Bank of Forrest City*, 94 Ark. 311, 126 S. W. 837 (1910).

After receiving the two bids the bank again asked the chancery court for instructions. At a brief hearing Rogers offered the testimony of an expert witness who valued the property at $122,500.00. (We do not find this testimony to be persuasive, for it cannot be reconciled with the appellant's obvious belief that it would be to

his advantage to buy the property for almost $10,000.00 more than the broker said it was worth.) The chancellor instructed the trustee to reject both bids for the property and to proceed instead with a public sale at which the minimum acceptable bid would be $134,550.00, that being the sum the trustee would have received if the Rosen bid had been valid.

The chancellor was right. It is the policy of the law to be solicitous toward the beneficiaries of a trust. According to the majority rule a court does not abuse its discretion in refusing to approve a trustee's sale upon the ground that the trustee has received an even higher offer in the interval between the sale and the proposed confirmation. *Heller* v. *Lamar,* 77 F. 2d 389 (App. D. C. 1935); *Forester* v. *O'Connell & Lee Mfg. Co.,* 328 Mass. 377, 103 N. E. 2d 705 (1952); *In re Herbert's Estate,* 356 Pa. 107, 51 A. 2d 753 (1947). Contra: *Goldberg* v. *Strass,* 11 Wis. 2d 410, 105 N. W. 2d 553 (1960).

In the case at bar we need not, and do not, intimate that the majority rule must be applied woodenly in every situation. Here the equities are decidedly against the appellant. The chancellor's original order merely directed the trustee to solicit sealed offers from private bidders and to report the best one to the court, for confirmation. No assurance was extended to prospective bidders that the highest offer would automatically be accepted, however unsatisfactory it might be. To the contrary, the court's reservation of the power to confirm the sale implied a correlative reservation of the power to refuse the best bid and order a new sale. We cannot say that the chancellor abused his discretion in proceeding as he did.

Affirmed.