RUSSELL H. MANN, JR. *vs.* ALVIN WOLFF & another. May 2, 1967. The Wolffs accepted Mann's written offer to purchase two parcels of land for $229,000 to be paid (1) by the assumption of existing first and second mortgages "totalling approximately $213,000"; (2) by "[d]eposit herewith" $1,000; (3) by "[c]ash on delivery of deed," $10,000; and by "[t]hird mortgage to be taken back by [s]eller for the balance of approximately" $5,000. The offer was "conditioned upon . . . the buyer and seller executing a mutually satisfactory purchase . . . agreement." The Wolffs proposed a definitive agreement which provided that the amount of the third mortgage note should be computed by deducting from the total price of $229,000 "the aggregate of the cash paid and the principal balances of the" existing first and second mortgages "so that the principal of . . . [the] third mortgage note shall be approximately" $5,000. "Any

adjustments due [b]uyer at the passing are to be deducted from the principal sum of this third mortgage note and not from the cash due [s]eller at time of delivery of deed." Mann, who accepted the agreement except for this last sentence, brings this bill for specific performance of the initial agreement and of the definitive agreement apart from that last sentence. The trial judge rightly sustained the Wolffs' demurrer. By final decree the bill was dismissed. We interpret, as the judge apparently did (see *Ingalls* v. *Green,* 337 Mass. 444, 447), the original agreement (a) as requiring the Wolffs' approval of the definitive agreement as "satisfactory" (see *Connor* v. *Rockwood,* 320 Mass. 360, 362), and (b) as requiring payment in cash of the explicitly stated $11,000 cash (including the deposit) and the application of any adjustments due to the buyer to reduce the third mortgage expressed as only "approximately" $5,000. It is not alleged that the Wolffs had any knowledge of a real estate trade custom mentioned in the bill which would make it binding upon them. See *Webb* v. *Johnston,* 246 Mass. 229, 233.

*Final decree affirmed with costs of appeal.*

*Russell H. Mann, Jr.,* pro se.
*Irving Goodman* for the defendants.


