UNITED STATES of America

v.

William BARNETT, Defendant.

Criminal No. 96–077–LFO.

United States District Court,
District of Columbia.

Nov. 21, 1996.

John Paul Gidez, Asst. U.S. Attorney, Washington, D.C., for United States.

Howard M. Srebnick, Law Offices of Roy Black, Miami, FL, for Defendant.

*MEMORANDUM AND ORDER*

OBERDORFER, District Judge.

Sometime before November 5, 1996, defendant in the above-entitled case served subpoenas on Federal Bureau of Investigation Special Agents Lisa Pavlica and Gary Pontecorvo commanding them to appear at 10:00 a.m. on November 5, 1996, in this Court. The subpoenaed persons did not appear and no motion to quash by them or on their behalf was filed prior to the time their appearance was required.

Instead, by letter of November 8, 1996 (a copy which is attached), Karlton D. Bolthouse, Acting Chief Division Counsel/Supervisory Special Agent on behalf of William C. Megary, Acting Assistant Director in Charge, wrote defense counsel advising him that "the appearance of SAs Pavlica and Pontecorvo can not be authorized at this time."

Rather than precipitate a confrontation, which an order to compel forthwith compliance could have precipitated, I kept the motion in abeyance and invited the United States Attorney/prosecutor to file an appropriate motion to quash. In doing so, however, I was constrained to advise the prosecutor in open court, and here reiterate, that no one (and particularly law enforcement agencies and officers) can with impunity refuse to obey a subpoena issued on the authority of this United States District Court, unless and until there has been a proper order, to quash the subpoenas. As the trial proceeded it became apparent that the presence of the subpoenaed persons was not, in fact, required. Accordingly, it is this 20th day of November, 1996, hereby

ORDERED: that the motion to quash is DISMISSED AS MOOT; and it is further

REQUESTED: that the United States Attorney bring this Memorandum and Order to the attention of the subpoenaed persons and to the other FBI personnel referred to in and/or responsible for the November 8 letter.

APPENDIX

**U.S. Department of Justice**

Federal Bureau of Investigation

<table>
<tr><td>In Reply, Please Refer to<br>File No.</td><td>1900 Half Street<br>Washington D. C.  20535<br>November 8, 1996</td></tr>
</table>

Mr. Howard Srebnick
Attorney at Law
Suite 1300
201 South Biscayne Boulevard
Miami, Florida
33131

Re   <u>United States of America</u> v. <u>William Barnett</u>,
     United States District Court,
     District of Columbia
     Criminal Action No.# 96-0077-Hogan

Dear Mr. Srebnick,

        This office has received the subpoenas directed to
Special Agents (SA) Lisa Pavlica and Gary J. Pontecorvo.   The
subpoena commands that SAs Pavlica and Pontecorvo appear in
person before the referenced court on November 5, 1996 at 9:00AM.

        Please be advised that a jurisdictionally valid
subpoena <u>must</u> be served in all matters seeking the production of
records of the FBI.   In this matter, the subpoenas directed to
SAs Pavlica and Pontecorvo are insufficient to compel the
production of the requested records.   Neither of the SAs are the
proper party to receive such a request as neither are the
individual in control of the files of the Washington field Office
of the FBI and as such they have no authority to produce any
requested records.

        You were previously advised that a written statement
identifying the nature of the litigation, the specific
information requested and how the information sought is relevant
to the litigation must be submitted and that failure to comply
might result in any subpoena which was issued being quashed.
While a written statement was provided, it has been found to be
insufficient under the C.F.R.

        The written statement does not provide <u>sufficient</u>
information to evaluate why Special Agents of the FBI are to
testify in a matter in which the FBI is not a party, has
conducted no known investigation and which concerns matters which
were the subject of a prosecution in another jurisdiction.
Further, this office is unaware of the status of the prosecution
in which the Special agents did testify and whether that
prosecution could in any way be effected or jeopardized by

<u>United States v. Barnett</u>                                    11/8/96

testimony offered in another court.  Therefore, the appearance of
SAs Pavlica and Pontecorvo can not be authorized at this time.

In addition, the Privacy Act (PA), 5 U.S.C. section
552a (b) prevents the FBI from disclosing any information
concerning third parties without the written consent of the
parties or without a court order authorizing the disclosure of
the same.  While the statement offered in compliance with the
C.F.R. is considered by the FBI to be insufficient, it appears
that testimony concerning third parties is what is being sought.
In the absence of further information, the position of the FBI
must be, that it is prohibited by law from releasing information
about third parties without being provided with the appropriate
consents or court order.

As that portion of the subpoenas, requesting the
production of records, is not valid and as neither the
requirements of the C.F.R. or the Privacy Act have been met, the
FBI can not authorize the appearance of SAs Pavlica or Pontecorvo
nor the production of FBI records at this time.  In addition, be
advised that even were all of the above mentioned requirements to
be met, it may be determined that one or more privileges are
applicable to the information being sought.  Should this be the
case, the FBI retains the right to raise any such privileges at a
later date.

By letter with attached copies of all appropriate
documents (sent via facsimile) to the United States Attorneys
Office for the District of Columbia, the FBI has requested that
an Assistant United States Attorney (AUSA) from the Civil
Division be assigned to this matter so to represent the interests
of the FBI and of the Special Agents.  Therefore, should there be
further questions, please contact AUSA John Gidez and request
that he identify the AUSA who has been assigned to handle this
matter on behalf of the FBI.

Sincerely,

William C. Megary
Acting Assistant Director in Charge

By:  Karlton D. Bolthouse
Acting Chief Division Counsel/
Supervisory Special Agent