Kiedaisch v. Nike, Inc.                    CV-03-502-M    02/24/04
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Gary Kiedaisch,
     Plaintiff

     v.                                    Civil No. 03-502-M
                                           Opinion No. 2004 DNH 038
Nike, Inc.; Nike U.S.A., Inc.;
Bauer Nike Hockey U.S.A., Inc.;
Scott Olivet, and Mark Loomis,
     Defendants


                         O R D E R


     In December of 2002, defendant Bauer Nike Hockey, U.S.A.

("BNH"), terminated plaintiff's employment.  Approximately three

months later, plaintiff brought suit in state court, advancing

eight common law causes of action: breach of contract;

misrepresentation; breach of the implied covenant of good faith

and fair dealing; defamation; intentional infliction of emotional

distress; tortious interference with contract; wrongful

termination (which was subsequently dismissed by the state court)

and promissory estoppel.


     Defendant's filed a timely answer.  They did not, however,

assert that any of plaintiff's state law claims were preempted by

federal law, specifically the Employee Retirement Income Security Act of 1974 (ERISA). The case proceeded on track and the parties engaged in substantial discovery. During plaintiff's deposition, he testified that, in his opinion, defendants' decision to terminate his employment might have been motivated by a desire to avoid funding his pension. Based on that testimony, defendants removed the action to this court, citing the preemption provisions of ERISA. Plaintiff challenges the removal as improper and moves to remand the case to state court. Defendants object. As the parties invoking the court's removal jurisdiction, defendants bear the burden of establishing that jurisdiction. See, e.g., Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999); BIW Deceived v. Local S6, Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997).

**Discussion**

I. ERISA Preemption and Removal Jurisdiction.

ERISA preempts all state law claims that "relate to" an employee benefit plan (including an employee pension plan), unless those claims are specifically exempted by the statute's

2

savings clause.  See 29 U.S.C. §§ 1002(3) & 1144(a).  Courts have construed the phrase "relate to" broadly.  See, e.g., Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 123 (1st Cir. 1995).

Ordinarily, federal preemption is a defense to a plaintiff's suit.  "As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court."  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  Importantly, however, "[o]ne corollary of the well-pleaded complaint rule developed in the case law, . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Id. at 63-64.

So it is with ERISA.  State law claims that "relate to" an ERISA-governed plan are not only preempted, they are also displaced by ERISA's civil enforcement provisions.  See Taylor, 481 U.S. at 62-63.  Consequently, any suit to recover benefits under an ERISA-governed plan must be brought under that statute's civil enforcement provisions and, necessarily, is removable to

3

federal court as a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. See also 28 U.S.C. § 1441(a); Taylor, 481 U.S. at 66-67.

As the court of appeals for this circuit recently explained:

> Normally, federal defenses including preemption do not by themselves confer federal jurisdiction over a well-pleaded complaint alleging only violations of state law. But under the doctrine of "complete preemption," ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), have been interpreted to establish federal removal jurisdiction over any state law claims that in substance seek relief that is otherwise within the scope of those ERISA remedy provisions.

Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 59 (1st Cir. 2002) (emphasis in original) (citations omitted).


II. The Well-Pleaded Complaint Rule and Complete Preemption.

The parties agree that plaintiff's complaint does not allege any claims under ERISA. Plaintiff says that, under the well-pleaded complaint rule, the court should "look only to the plaintiff's complaint to determine whether his claim to relief rests upon a federal right." Plaintiff's memorandum (document no. 7) at 5 (citation and internal punctuation omitted). Importantly, however, while his complaint is silent on this

4

point, plaintiff testified at his deposition that he believed one of the reasons BNH terminated his employment might have been to avoid having to honor its pension obligations to him.[1] Defendants point to that testimony and assert that, because he claims they were motivated by an intent to interfere with his benefits under an ERISA-governed pension plan, plaintiff's sole remedy is provided by section 510 of ERISA, which states:

> It shall be unlawful for any person to discharge . . . a participant or beneficiary for . . . <u>the purpose of interfering with the attainment of any right</u> to which such participant may become entitled under the [ERISA-governed] plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140 (emphasis supplied).

---

[1] The court will assume, for purposes of resolving plaintiff's motion to remand, that plaintiff's deposition constitutes an "other paper" under 28 U.S.C. § 1446(b) and, therefore, may serve as the basis for removal. The issue is, however, open to some debate. The court of appeals for this circuit appears not to have addressed it, and there is a decided lack of unanimity among those courts that have. <u>Compare</u> <u>Mill-Bern Assocs. v. Dallas Semiconductor Corp.</u>, 69 F. Supp. 2d 240, 241-42 (D. Mass. 1999) (holding that a deposition is not an "other paper" for purposes of removal under 28 U.S.C. § 1446(b)), <u>with</u> <u>Parker v. County of Oxford</u>, 224 F. Supp. 2d 292, 294 (D. Me. 2002) (observing that some courts have held that a deposition may constitute an "other paper" under § 1446(b)).

In essence, then, defendants invoke what is known as the artful pleading doctrine in urging the court to look beyond the language employed in plaintiff's complaint and see his claims for what they really are: an effort to recover lost benefits under an ERISA-governed pension plan as a result of (allegedly) having been fired for the purpose of interfering with those benefits.

As this court (Barbadoro, C.J.) has explained, the artful pleading doctrine is related to the well-pleaded complaint rule and provides that:

> a plaintiff may not avoid federal question jurisdiction (and thereby defeat removal) by omitting to plead necessary federal questions in its complaint. To prevent such artful pleading, a federal court may look beneath the face of the complaint and treat a disguised claim as one arising under federal law, notwithstanding the plaintiff's characterization of the claim in terms of state law.

> One situation in which a court may apply the artful pleading doctrine to justify removal is when the plaintiff's claim is subject to complete preemption. In devising the complete preemption doctrine, the Supreme Court recognized that certain discrete areas of regulation have been so thoroughly federalized by Congress that any civil complaint raising claims in those areas necessarily arises under federal law and is therefore removable to federal court.

Guglielmo v. WorldCom, Inc., 2000 DNH 169 (D.N.H. July 27, 2000) (citations omitted).  See also Danca, 185 F.3d at 4 ("[T]here is an exception to this practice of focusing on the face of the complaint.  Where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded.").

The Danca court went on to explain the burden borne by a removing defendant who asserts that a plaintiff's claims are preempted by ERISA:

> To establish complete preemption, defendants must show that the state cause of action falls within the scope of ERISA § 502(a).  For this to occur, the state law must be properly characterized as an alternative enforcement mechanism of ERISA § 502(a) or of the terms of an ERISA plan. . . . But Section 502(a) does not purport to reach every question relating to plans covered by ERISA.  We must therefore look beyond the face of the complaint to determine whether the real nature of the claim is federal, regardless of plaintiff's state law characterization.

Id. at 5 (emphasis supplied) (citations and internal punctuation omitted).

III. <u>The Nature of Plaintiff's Claims</u>.

So, to resolve the parties' dispute over whether plaintiff's complaint was properly removed, the court must necessarily look beyond the complaint's characterization of plaintiff's claims and focus on precisely what plaintiff alleges. As noted above, his complaint facially advances only state common law claims; it makes no mention of efforts to enforce plaintiff's pension rights, nor does it assert that BNH was motivated by a desire to interfere with those rights. It is, quite simply, an action to recover damages for wrongful termination and related injuries plaintiff claims to have suffered in the waning months of his employment. To be sure, as part of his damages, plaintiff seeks compensation for the pension benefits he says he would have received had he not been wrongfully terminated. And, say defendants, such a claim for damages, coupled with plaintiff's deposition testimony, is sufficient to bring plaintiff's action within the scope of ERISA's broad preemption provisions. The court disagrees.

In opposing plaintiff's motion to remand, defendants focus on that portion of plaintiff's deposition testimony in which he

8

speculated as to defendants' possible motivations for discharging him.  Seizing upon it, defendants assert that "some or all of [plaintiff's] state law claims are completely preempted by ERISA § 502(a), either in whole or in part, <u>because [plaintiff] alleges that the motive for the Defendants' conduct</u> was to deprive him of benefits under the Plan."  Defendants' memorandum (document no. 11) at 7 (emphasis supplied).

But, if he were to claim that defendants' violated § 510 of ERISA by discharging him "for the purpose of interfering with the attainment of [pension benefits]", 29 U.S.C. § 1140, plaintiff would have to prove that defendants acted "with the <u>specific intent</u> of interfering with [his] ERISA benefits."  <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 37 (1st Cir. 1995) (emphasis supplied).  <u>See also</u> <u>Lehman v. Prudential Ins. Co. of Am.</u>, 74 F.3d 323, 330-31 (1st Cir. 1996).  As the court of appeals has explained:

> This "specific intent" requirement derives from the language of the ERISA statute ("for the purpose of interfering") and is necessary to separate the firings which have an incidental, albeit important, effect on an employee's rights from the actionable firings, in which the effect of the firing on the employer's obligation was a motivating factor.

Barbour, 63 F.3d at 37 (citations and internal punctuation omitted).

In response to defendants' argument, plaintiff says: (1) notwithstanding his deposition testimony, he does not claim or assert in his suit that defendants acted with the intent to deprive him of pension benefits; and (2) there is simply no evidence to support a claim that defendants were motivated by a specific intent to avoid their pension obligations to him.

> A fair reading of [plaintiff's] testimony is that while he understood that [defendants] had something to gain financially by dismissing him, he really does not have any idea if it was (a) a factor at all or (b) even if a factor, a motivating factor, although (c) he has, from time to time, speculated that it, along with many other things, might have contributed to the motivation for his termination. Lacking any specific knowledge on these matters, plaintiff deliberately did not include an ERISA claim in his complaint.
>
> There is no ERISA claim consistent with the dictates of F.R.C.P. 11. The Plaintiff has made it abundantly clear in his Writ and in his Amended Complaint that he does not believe that he has any evidentiary support for an ERISA claim, nor does he believe he is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, all as required by Fed. R. Civ. P. 11(b)(3). After fourteen depositions, the exchange of Requests for Admissions, Interrogatories, Rule 34 Requests and thousands of

10

documents, there is not one scintilla of evidence to
support an ERISA claim.

Plaintiff's reply memorandum (document no. 14) at 7.  In short,

plaintiff unequivocally denies asserting any claim that

defendants' decision to terminate his employment was motivated by

an intent to interfere with his pension benefits and, beyond

that, he says there is simply no evidence to support such a

claim.  Indeed plaintiff acknowledges that were he to assert such

a claim, he would violate the proscriptions of Rule 11.

In a case presenting remarkably similar facts to this one,

the Court of Appeals for the Ninth Circuit concluded that the

defendant had improperly removed the plaintiff's complaint after

"pounc[ing] upon" his speculative deposition testimony and

asserting that plaintiff was, in substance, asserting a cause of

action under ERISA.

> [Plaintiff's deposition] testimony shows itself to be
> nothing but the speculation of a person who feels
> himself wronged. . . . Based upon no more than that, he
> was wise not to plead an ERISA claim.  As he told the
> district court, he could hardly do so without risking
> sanctions.

* * *

11

> In sum, [plaintiff] never pled and never sought
> recovery for a claimed violation of his ERISA pension
> rights.  He asserts that he could not honestly do so.
> To find federal jurisdiction in this case we would have
> to insist that it can be based upon nothing more than
> some speculative answers to clever questioning during
> the heat of a deposition.  There is no reason for us to
> so insist.  In fact, a finding of jurisdiction would
> require us to have a rather pertinacious desire to
> increase the jurisdictional reach of the federal
> courts.  We have no such desire.  Certainly nothing in
> the policy which drives ERISA calls for an exercise of
> jurisdiction in this case.

Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974-75 (9th Cir. 1993).  See also Morris v. Bridgestone/Firestone, Inc., 1992 WL 107357 (N.D. Ohio April 24, 1992).

The cases cited by defendants in support of their view that, based exclusively upon plaintiff's deposition testimony, this case was properly removed, are either unpersuasive or readily distinguishable (i.e., the plaintiffs' claims in those cases were plainly and unambiguously based on the allegation that the employer discharged them in order to prevent them from receiving benefits under a covered plan).  See, e.g., Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 135-36 (1990) (plaintiff's complaint specifically alleged that "a principal reason for his termination was the company's desire to avoid making contributions to his

12

pension fund."); <u>Fitzgerald v. Codex Corp.</u>, 882 F.2d 586, 587 (1st Cir. 1989) ("Essentially, [plaintiff] claimed that [defendant] discharged him in retaliation for and to avoid [plaintiff's] former wife trying to collect health benefits under [defendant's] health plan.").

In one of the cited cases, the Court of Appeals for the Sixth Circuit described the difference between claims that only peripherally implicate an ERISA-governed plan, and those that directly seek benefits under such a plan:

> For example, in a wrongful discharge claim where plaintiff's incidental damages award merely includes a loss of benefits under an ERISA-based plan, the state claim is not preempted. In such a case, all that is needed is a simple mathematical calculation of benefits. The claimed damages, thus, relate only peripherally to the ERISA plan. Here, however, [plaintiff's] claim of "breach of promises" falls squarely within § 1132(a) as he seeks to "recover benefits due to him under the plan" or "clarify his rights to future benefits under the terms of the plan." It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefits.

<u>Peters v. Lincoln Elec. Co.</u>, 285 F.3d 456, 469 (6th Cir. 2002). <u>See also</u> <u>Sears</u>, 884 F. Supp. at 1131 (citing several cases for

13

the proposition that "[n]umerous courts have held that a request for wrongful termination damages derived in part from the value of lost benefits does not bring a claim within ERISA's preemptive force.").

Under the circumstances presented in this case, plaintiff's claims relate to BNH's pension plan only tangentially, insofar as part of his claimed contract damages involves the loss of pension benefits which he says he would have received but for defendants' wrongful termination of his employment. Accordingly, those claims fall into the first category of cases identified by the Sixth Circuit in Peters, and are not preempted. Plaintiff's deposition testimony, even when viewed in light of his prayer for damages, is insufficient to convert his state common law claims into a cause of action under ERISA.

> ERISA provides no relief if the loss of an employee's benefits was incidental to, and not the reason for, the adverse employment action. Were this not so, every discharged employee who had been a member of a benefit plan would have a potential cause of action against his or her former employer under ERISA.

Lehman, 74 F.3d at 330-31 (emphasis supplied).

14

Other courts that have been presented with similar issues have agreed that, to be properly construed as advancing an ERISA claim of the sort described by defendants in this case, a plaintiff's complaint must, at a minimum, be capable of a construction that suggests he or she is alleging that the adverse employment action was substantially motivated by the employer's desire to avoid (or otherwise interfere with) the plaintiff's pension benefits. See, e.g., Sears v. Chrysler Corp., 884 F. Supp. 1125, 1130-31 (E.D. Mich. 1995). See generally Ingersoll-Rand Co. v. McClendon, supra. Plaintiff's complaint, even when read in light of his deposition testimony, does not lend itself to such a construction.

**Conclusion**

As is typical in many cases that arguably involve claims under ERISA, it seems that defendants seek to "tow[] the case into the federal harbor only to try to sink it once it is in port." Tracy v. Principal Fin. Group, 948 F. Supp. 142, 144 (D.N.H. 1996) (quoting La Buhn v. Bulkmatic Transport Co., 644 F. Supp. 942, 948 (N.D. Ill. 1986)). Plaintiff's speculative deposition testimony that defendants might have been motivated to

15

terminate his employment to avoid paying his pension benefits does not, without more, operate to convert his state common law claims into an ERISA-governed cause of action. While ERISA's preemptive reach is extensive, it does not extend that far.

Defendants have failed to demonstrate that plaintiff's action was properly removed from state court. Accordingly, plaintiff's motion to remand (document no. 7) is granted. Although it might be a stretch to call this a "close" question, defendants' position was plausible, particularly given the absence of controlling authority on the point in this circuit. Therefore, in the exercise of its discretion, the court denies plaintiff's request for costs and attorneys' fees incurred in connection with seeking remand. See 28 U.S.C. § 1447(c). The Clerk of Court shall remand this proceeding to state court and close the case.

16

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 24, 2004

cc:  John F. Bisson, Esq.
     Richard G. Pichette, Esq.
     Cameron G. Shilling, Esq.